Spellman, Appellant, vs. Town of Caledonia, Respondent.

*February 24—March 21, 1903.*

*Towns: Levees to protect lands: Failure to repair: Liability.*

A town authorized by statute to construct and maintain a levee for
the purpose of protecting lands from overflow by a river is not
liable to an owner of such lands for injuries thereto resulting
from negligence in maintaining such levee. *Barden v. Portage,*
79 Wis. 126, distinguished.

Appeal from an order of the circuit court for Columbia
county: B. F. Dunwiddie, Judge. *Affirmed.*

Appeal from order sustaining demurrer to the complaint,
alleging following material facts:

That the Wisconsin river, in its course from a point some
fifteen miles above the city of Portage, runs in a generally

southeasterly or nearly easterly direction to and through the
city of Portage, in its course passing through the town of
Caledonia, in Columbia county, which lies west of Portage,
and through the town of Fairfield, in Sauk county, which lies
northwest of Caledonia; that generally the southerly bank of
said river is low; that through the town of Caledonia, and
about two miles south of the Wisconsin river, runs the Bara-
boo river, nearly parallel therewith, and forming a junction
with the Wisconsin river about two miles south of and below
the city of Portage; that in its natural state at high water
the waters of the Wisconsin overflowed its low southerly bank
in Caledonia, and found their way southward into the Bara-
boo river, which was at a lower level, and thence said waters
passed onward to the above-mentioned junction of the two
rivers; that plaintiff is the owner of certain described lands
in the town of Caledonia, which were among those over which
overflowing waters sometimes passed; that under and in pur-
suance of ch. 213, Laws of 1873, which authorized the con-
struction of a levee along the south bank of the Wisconsin
river by the town of Caledonia, separately or in connection
with the city of Portage and town of Fairfield, for the pur-
pose of reclaiming the lands subject to overflow in times of
high water and protecting the highways from overflow and
enabling the proper authorities to keep them in passable con-
dition at all seasons, and payment of the expense thereof both
out of general taxes and by special assessment of one third
upon the specially benefited lands, the town of Caledonia
did, in 1886 and 1887, construct such a levee along the south-
erly bank of the Wisconsin, from a point several miles above
the plaintiff's lands, past and adjoining the same, to a point
in the city of Portage several miles below them, and did main-
tain said levee up to the time complained of in the year 1900;
that in June, 1900, said levee became weakened and out of
repair at a point opposite plaintiff's premises, to which fact
plaintiff called the attention of the proper authorities of the

defendant town, pointing out to them the danger of its destruction in high water and damage to plaintiff's property; that said defendant town wholly failed and neglected to repair said levee or take any steps to protect the plaintiff from danger thereby; that about the 1st of October, 1900, news came of high water on the upper Wisconsin, and plaintiff again notified the chairman and clerk of the defendant town and overseer of highways, and requested precautionary steps to be taken to protect the levee and the property of the plaintiff from injury by reason of the said defects, but the defendant wholly failed and neglected to take any such steps; that about the 9th of October the said high water occurred in the part of the Wisconsin river opposite plaintiff's lands, and by reason of the carelessness and negligence of the defendant in failing to properly construct and maintain the levee in safe condition and in neglecting to repair the same, it broke at a point opposite the lands of the plaintiff, and allowed the waters of the river to flow over and across said lands, doing them great damage by reason of washing and of the deposit of river sand and débris thereon. Whereupon, on November 7th, notice of such injuries, and of claim for damages thereby caused, was served upon the town clerk, and claim was presented and heard before the town board of audit at its regular meeting in April, 1901, and, such claim being disallowed, this suit was commenced more than ten days thereafter, praying recovery of the damages caused plaintiff's lands as aforesaid in the sum of $2,271.

The defendant demurred on three grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) bar of the cause of action by the limtation provided by sec. 4222, Stats. 1898. The demurrer was sustained without specification of the grounds.

For the appellant there was a brief by *C. C. Wayland* and *Daniel H. Grady,* and oral argument by *Mr. Grady.* The de-

fendant town, having closed the natural channel of the Wisconsin river, preventing the overflow from passing into the Baraboo, narrowing the main channel and confining the increased volume of water therein, in so doing is bound to safely carry the water by the lands of the plaintiff. *Barden v. Portage,* 79 Wis. 126; *Schroeder v. Baraboo,* 93 Wis. 100. Having constructed the levee under legislative act and exercising ownership and control over it, the town is under the same liability for its negligence in constructing and failing to maintain the same as a municipal corporation or an individual. 20 Am. & Eng. Ency. of Law (2d ed.) 1205; 28 id. (1st ed.) 1047, note 3; 29 id. 79; Gould, Waters, 499; *Philadelphia v. Scott,* 81 Pa. St. 80; 24 Cent. L. J. 123; *Ballou v. State,* 111 N. Y. 496; Elliott, Mun. Corp. §§ 340, 341, pp. 309, 311; *Netzer v. Crookston,* 59 Minn. 244; *Seifert v. Brooklyn,* 101 N. Y. 136; *Miles v. Worcester,* 154 Mass. 511; *Harper v. Milwaukee,* 30 Wis. 365; *Noonan v. Albany,* 79 N. Y. 470; 15 Am. & Eng. Ency. of Law, 1141; 22 id. (2d ed.) 938; *Priewe v. Wis. S. L. & I. Co.* 93 Wis. 547–551; *Galveston v. Posnainsky,* 62 Tex. 118, 13 Am. & Eng. Corp. Cas. 484; *Cain v. Syracuse,* 95 N. Y. 83; *Denver v. Dunsmore,* 7 Colo. 328; *Kunz v. Troy,* 104 N. Y. 344; *Weightman v. Washington,* 1 Black (U. S.) 39; *Weet v. Brockport,* 16 N. Y. 161; *Nims v. Troy,* 59 N. Y. 500–508; *Rochester W. L. Co. v. Rochester,* 3 N. Y. 463, 53 Am. Dec. 316; *Barton v. Syracuse,* 36 N. Y. 54; *McCarthy v. Syracuse,* 46 N. Y. 194; 2 Dillon, Mun. Corp. (4th ed.) § 1048, and cases cited; *Conrad v. Ithaca,* 16 N. Y. 158, 163, 166; *Lorillard v. Munroe,* 11 N. Y. 392; *New York & B. S. M. & L. Co. v. Brooklyn,* 71 N. Y. 580; *Hardy v. Brooklyn,* 90 N. Y. 435; *Seifert v. Brooklyn,* 101 N. Y. 136; 2 Wood, Nuisances, § 752. By the provision of ch. 213, Laws of 1873, there is expressly enjoined upon the defendant town the duty of maintaining this levee. For negligently failing to discharge that duty the town is liable, and has assumed the same

obligations as a municipal corporation or an individual in this regard. *Barden v. Portage,* 79 Wis. 126; 19 Am. & Eng. Ency. of Law (2d ed.) 610; *Hook v. W. & N. R. R.* 58 N. H. 252; *Louisville, N. A. & C. R. Co. v. Godman,* 104 Ind. 492; 15 Am. & Ency. of Law, 1150, and cases cited, note 4.

*W. S. Stroud* and *J. H. Rogers,* for the respondent, argued, among other things, that where there is no statute expressly providing for liability on the part of a town, it cannot be held liable for negligence on the part of its officers in failing to keep in repair a construction erected for the public, and from which it receives no profit or advantage. *Stilling v. Thorp,* 54 Wis. 528; *Sowle v. Tomah,* 81 Wis. 349; *Kelley v. Milwaukee,* 18 Wis. 83; *Hayes v. Oshkosh,* 33 Wis. 314; *Schultz v. Milwaukee,* 49 Wis. 254; *McLimans v. Lancaster,* 63 Wis. 596; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280; *Folk v. Milwaukee,* 108 Wis. 359; *Hill v. Boston,* 122 Mass. 344; *Curran v. Boston,* 151 Mass. 505; *Howard v. Worcester,* 153 Mass. 426; *Tindley v. Salem,* 137 Mass. 171, 176; *Daniels v. Racine,* 98 Wis. 649–651; *Collins v. Macon,* 69 Ga. 542–547; 20 Am. & Eng. Ency. of Law (2d ed.) 1193. The authorities in constructing the levee were not acting for and on behalf of the town, but were acting as public or governmental officers or agents in the exercise of police power; in the exercise of which the town as a municipality has no concern and for which it is not liable. *State ex rel. Gordon v. McNay,* 90 Wis. 104; *Williams v. Yorkville,* 59 Wis. 119; *Smith v. Gould,* 59 Wis. 631; *Smith v. Gould,* 61 Wis. 31; *Hayes v. Oshkosh,* 33 Wis. 314; *Schultz v. Milwaukee,* 49 Wis. 254; *Kuehn v. Milwaukee,* 92 Wis. 263; *Little v. Madison,* 49 Wis. 605; *Pettingell v. Chelsea,* 161 Mass. 368.

DODGE, J. The complaint discloses that ch. 213, Laws of 1873, if valid, imposed upon the town of *Caledonia* power and authority to construct and maintain a levee for the purpose, amongst others, of protecting lands, including those of

the plaintiff, from overflow by the waters of the Wisconsin river. If this power or duty could be imposed upon the town at all, that could be only because it may be considered within a legitimate governmental purpose. Hence the town, in exercising the power thus conferred, if the law was valid at all, was exercising a function of government, addressed toward the plaintiff and his lands in a governmental respect, namely, by supplying to him certain protection. The charge is that he suffers by neglect in the performance of that authority. The logical result of nonliability seems to follow irresistibly in the light of principles very recently reiterated by this court. *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280; *Hill v. Boston,* 122 Mass. 344. If it be conceded that it is a legitimate governmental function to protect the lands of plaintiff and others against the overflowing waters of the adjoining river, the municipality which, by authority of law, attempts to execute that function, cannot be liable to one toward whom it is addressed for injuries resulting from negligence therein. It is this circumstance—that the governmental act of building these levees was addressed to the plaintiff's lands—which distinguishes the situation from many of the illustrative cases cited or suggested by appellant; such, for example, as neglect to retain waters of a canal within its banks. If the governmental act and purpose were the maintenance of a canal as a waterway, or to conduct water for distribution through waterworks, such act would not be addressed toward the landowners adjoining the canal. Toward them the attitude of the municipality maintaining the canal would be that of an adjoining proprietor, bound as any individual to respond in damages for its negligence, as pointed out in *Morrison v. Eau Claire, supra.* The case of *Barden v. Portage,* 79 Wis. 126, 48 N. W. 210, upon which appellant largely rests the present action, is distinguishable on precisely the same grounds. In that case Barden's lands, where the waters

of the river were turned onto them, were beyond the limits of those which the city had undertaken to protect. The damage did not result from defective construction or negligent maintenance of the levee, but from the fact that the city, in attempting to protect certain lands, changed the course of the river so that it overflowed other lands, toward which the city was exercising no governmental or protective function, but was merely an upper riparian owner; hence was subject to the liabilities of that relationship.

The complaint therefore negatives any liability of defendant to the plaintiff for the damages suffered by the latter, and the demurrer was properly sustained on the ground of inadequacy of facts alleged to constitute a cause of action.

*By the Court.*—Order appealed from is affirmed.