## HALL vs. KITSON.

1. NUISANCE — PLEADING. — In an action on the case for damages sustained by means of obstructing a navigable river, the plaintiff's declaration should aver and show some special injury or damage which he has sustained, aside from the general injury to the public.

2. SAME. — Where, in an action for damages caused by a public nuisance, the declaration omits to set out a special injury to the plaintiff, but alleges in general terms that he was damnified, the want of an averment of such special injury is cured by verdict.

(4 Chand., 20.)

ERROR to the Circuit Court for *Brown* County.

*Kitson* brought an action on the case against *Hall*, alleging that he, the plaintiff, before and at the time, etc., was and still is seized of certain premises with the appurtenances, situated on the Menomonee river, a public navigable river; that the defendant had placed and raised a dam across the same, below the plaintiff's premises, and had for a long time kept and maintained the same, "whereby the said plaintiff was, and still is, obstructed, hindered and prevented from navigating the said river with his boats and rafts, and from fishing in said river, as he ought to have done, and otherwise might and would have done, to the damage of the plaintiff, etc." Plea, general issue, with special plea that, by an act of the legislative assembly of Wisconsin territory, approved February 13, 1841, one Farnsworth, his associates, etc., were authorized to build and maintain the dam in question; that he built the same under the said authority, and afterwards sold and conveyed the same to the defendant. And issue was taken upon this plea. After verdict for the plaintiff, the defendant moved for a new trial, on the ground that the action was brought to recover damages for the maintenance of a public nuisance, and the plaintiff's declaration did not state, nor did the proof show, any special damage sustained by the plaintiff. This motion was denied, and the plaintiff had judgment; whereupon the defendant brought his writ of error.

Hall vs. Kitson.

*Martin & Cotton*, and *E. G. Ryan*, for plaintiff in error, argued that the action was for damages for a public nuisance, and not for special damages to the plaintiff, arising from a public nuisance, and that no special or particular injury was set out in the declaration, without which there could be no recovery, and they cited 3 Black. Com., 219 ; 1 Arch. N. P., 406, 397 ; *Lansing v. Smith*, 8 Cow., 146.

*J. H. Howe*, for defendant in error.

WHITON, J.   We think this declaration good after verdict. The principal reason insisted upon by the plaintiff in error, to show that it does not set out a good cause of action, is the omission to state any special damage to the plaintiff.   Special damages being the gist of the action, it is contended that the declaration should have set out some damage peculiar to the plaintiff, and not that merely, which he sustains in common with others.   There is no doubt of the correctness of the position, that it was incumbent on the plaintiff to state in his declaration and prove at the trial that he had sustained special injury by means of the erection of the dam.   It would not have been sufficient to state merely that he was deterred from attempting to navigate the river with his boats and rafts by means of the obstruction.   In order to enable the plaintiff to recover, it must appear that he was obstructed in fact, when he attempted to pass with his boats and rafts.   *Lanning v. Smith*, 8 Cow., 146, and the cases there referred to.   The declaration states that the "plaintiff was and still is obstructed, hindered and prevented from navigating said river with his boats and rafts," etc.   This, we think, is an imperfect and defective statement that the plaintiff was obstructed in fact, when he attempted to navigate the stream ; and a defective statement of a good cause of action is cured by a verdict.   1 Chitty's Pl., ed. of 1833, 712, 722.

In the case of *Pangburn v. Ramsey*, 11 Johns., 141, the court lay down the rule as to the effect of a verdict in curing defects

in pleadings, as follows : " Where there is a defect, imperfection or omission which would have been a fatal objection on demurrer, yet, if the issue joined is such as necessarily required, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which, it is not to be presumed, that either the judge would direct or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict at common law." We understand this to be the well settled doctrine upon the subject, and, applied to the case before us, it appears conclusive.

The defendant pleaded the general issue and a special plea setting up a right to build the dam, granted to one Farnsworth by an act of the legislature, and a sale and conveyance of it by Farnsworth to him. The plea of not guilty put in issue the facts stated in the declaration, and compelled the plaintiff to prove that he was obstructed in fact, when he attempted to navigate the stream. The failure to state in the declaration when the plaintiff was obstructed, the circumstances attending the obstruction, and the manner in which the damage was caused, which he sustained by being unable to pass, are defects and omissions which the verdict cures. *Peckham v. Holman,* 11 Pick., 485.

Judgment affirmed.