Kuehn, Respondent, vs. City of Milwaukee, Appellant.

*January 10 — January 28, 1896.*

*Municipal corporations: Disposal of garbage: Injury to fishing nets: Independent contractor: Public service: Nuisance.*

| | |
|---|---|
| 92 | 263 |
| 96 | 630 |
| 92 | 263 |
| 103 | 418 |
| 103 | 423 |
| 92 | 263 |
| 108 | 363 |
| 92 | 263 |
| 110 | ¹107 |
| 92 | 263 |
| 61 LRA | 695n |

1. One who removes the garbage of a city under a contract which provides that such garbage shall be carried to some point in Lake Michigan not less than fifteen miles from the city, and that the city may suspend the work and relet the contract in case of "improper or imperfect performance," but which reserves to the city no other right to control the mode or manner of its performance or the place where the garbage shall be dumped, is an independent contractor, and the city is not liable for injuries to fishing nets resulting from the garbage so dumped being carried into them by the ordinary movements of the water.

2. A city is not liable for injuries caused by its board of public works in disposing of the garbage of the city.

3. The dumping of the garbage of a city into one of the Great Lakes, fifteen miles from the shore, is not *prima facie* a nuisance.

Appeal from an order of the circuit court for Milwaukee county: D. H. Johnson, Circuit Judge. *Reversed.*

The plaintiff is a fisherman at *Milwaukee.* He sets his nets in Lake Michigan, at a distance of some ten miles from the city, but within the territorial limits of the city. His nets, when set, extend a distance of about five miles, and are buoyed to the surface by wooden balls and floats. The nets are of considerable value. He has carried on this business at substantially the same place during the last thirty years.

The commissioners of public works of the defendant city contracted with one Richardson to carry all the garbage and refuse collected within the city to some point in Lake Michigan not less than fifteen miles from the city, and there dump it into the lake. On two occasions the garbage so dumped by the contractor or his servants into the lake was carried upon and into the plaintiff's nets by the ordinary currents and movement of the waters of the lake, whereby the nets were damaged. The action is brought against the city to recover such damages to the nets. The city demurred to the complaint. The plaintiff moved to strike out the demurrer as frivolous. The motion was granted. The demurrer was stricken out, and the city appeals.

For the appellant there was a brief by *C. H. Hamilton,* city attorney, and *Ernest Bruncken,* assistant city attorney, and oral argument by *Mr. Bruncken.*

*Geo. E. Sutherland,* for the respondent, contended, *inter alia,* that if a municipality in the performance of any act, however lawful or necessary, invades any right of property, the corporation is liable for the resulting injury. *Rhodes v. Cleveland,* 10 Ohio, 160; *Goodall v. Milwaukee,* 5 Wis. 32, 40; *Barron v. Baltimore,* 2 Am. Jur. 203; *Nevins v. Peoria,* 41 Ill. 502; *Pettigrew v. Evansville,* 25 Wis. 223, 231; *Aurora v. Reed,* 57 Ill. 29; *Alton v. Hope,* 68 id. 167; *Wilson v. New Bedford,* 108 Mass. 261; *Eastman v. Meredith,* 36 N. H. 285, 296; *Thayer v. Boston,* 19 Pick. 511; *Lacour v. New York,* 3 Duer, 406. The dumping of garbage in the lake by the city of *Milwaukee* was a common and public nuisance committed by it, for which it was liable. *Skelton v. Fenton E. L. & P. Co.* 100 Mich. 87; *Indianapolis W. Co. v. Am. S. B. Co.* 57 Fed. Rep. 1000, 1004; *Fogarty v. Junction City P. B. Co.* 50 Kan. 478; *Pottstown G. Co. v. Murphy,* 39 Pa. St. 257; *Robb v. Carnegie Bros. & Co.* 145 id. 324; *Hauck v. Tidewater P. L. Co.* 153 id. 366.

NEWMAN, J. On behalf of the city it is urged that the complaint did not state facts sufficient to constitute a cause of action against it, for the recovery of the plaintiff's damages to his nets, because (1) it was the work of an independent contractor which caused his damages; and (2) his damages resulted from the operations of the commissioners of public works, while engaged in the performance of duty owed to the general public, as distinguished from strictly corporate duty.

It requires no citation of authorities to show that, if the act which caused the damages was the work of an independent contractor, the city is not liable. Whether the person whose act caused the damages was, in legal contemplation, an independent contractor, is sometimes debatable on the facts. The test is, Had the defendant the right to control the conduct of the person doing the work, as respects the *mode* and *manner* of doing it, in the particular complained of? *Harper v. Milwaukee,* 30 Wis. 365; 2 Thomp. Neg. 892, § 12; Id. 909, § 35. If the defendant had such right of control, it is liable, if the act or omission was such as to create liability. If it had no such right of control, the doctrine of *respondeat superior* does not apply. This rule is subject to one exception. Where the performance of the contract, in the ordinary mode, necessarily or naturally results in the injury complained of, the rule does not apply. In that case the party contracting for the mischievous work to be done is liable for its necessary or natural consequences. But Lake Michigan is a wide place. The dumping ground was large. The contractor was unrestrained except on the city side. He had the whole lake within his power for this purpose. It was neither necessary nor natural, in a legal sense, that this garbage should be dumped where it would come to the plaintiff's nets. That result was, of course, possible, but not to be anticipated as natural or probable. Nor did the contract reserve to the city the right to control the *mode* or

Kuehn vs. City of Milwaukee.

*manner* of its performance, or the *place* where the garbage should be dumped. It did reserve the right to suspend the work, and to relet it, in case of "improper or imperfect performance." That gave no power to direct the dumping place. This power came into effect, if at all, only after the mischief was done. The city is not liable for damages caused by the negligent or wrongful act of the contractor or his servants.

On the other question raised the result is the same. If the commissioners of public works had done this work by their own employees and servants, without the intervention of an independent contractor, the city would not have been liable for such an injury growing out of the acts of such employees or servants, for it is a public service, as distinguished from a corporate duty. In that respect, it is like the fire, health, or police departments of cities. In such cases, "the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law, for the general welfare of the inhabitants or of the community." *Hayes v. Oshkosh,* 33 Wis. 314; *Schultz v. Milwaukee,* 49 Wis. 254; *Britton v. Green Bay & F. H. W. W. Co.* 81 Wis. 48; *Condict v. Jersey City,* 46 N. J. Law, 157; *Bryant v. St. Paul,* 33 Minn. 289; Dillon, Mun. Corp. (4th ed.), § 974; 2 Thomp. Neg. 737, § 5.

But, it is said, a municipal corporation has no right to create or maintain a nuisance. That suggestion is altogether aside from the question involved here, for here it is not the city, but a larger public, for whom the questionable act is done. And it is not necessarily, nor *prima facie,* an act of nuisance to cast the garbage of a city upon Lake Michigan, fifteen miles from the shore. It has long been the almost universal custom, everywhere, to empty the sewage of cities into adjacent lakes and streams, almost from necessity. It

cannot be demonstrated, in advance of experiment, that to cast the garbage of a city into one of the Great Lakes, distant from shore, will create a nuisance. It is not, *prima facie*, a nuisance.

The demurrer was well taken.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.

