KEMPSTER, Appellant, vs. THE CITY OF MILWAUKEE, Respond-
ent.

*May 19 — June 2, 1899.*

*Municipal corporations: Malicious removal of officer: Indemnity: Torts:
Corporate liability.*

1. A municipal corporation may indemnify its officers against liabil-
   ities incurred in the discharge of their duties, where the corpora-
   tion has a right to defend or has a pecuniary or corporate inter-
   est in the discharge of such duties, but not where the officers
   were acting simply as officials performing public service. Thus,
   where a health commissioner, while performing his duty, was sub-
   jected to wilful and malicious charges of misconduct, and on in-
   vestigation by the common council part of the charges were deemed
   sustained and he was dismissed by it from office, and on *certiorari*
   the removal proceedings were reversed and he was reinstated, the
   municipality is not liable for bills for attorneys' fees incurred by
   him in defending against such charges and procuring a reversal of
   the proceedings and his reinstatement in office.
2. If the common council was guilty of an actionable tort in mali-
   ciously encouraging the prosecution of plaintiff, its members are
   individually liable, but not the municipality.

APPEAL from an order of the superior court of Milwaukee
county: J. C. LUDWIG, Judge. *Affirmed.*

The facts are stated in the opinion.

*V. W. Seely,* for the appellant, contended, *inter alia,* that

plaintiff, as the agent of the defendant, was involved in litigation, forced on him by defendant, for acts done by him in the *bona fide* discharging of his duty, and defendant should indemnify him therefor. *Howe v. B., N. Y. & E. R. Co.* 37 N. Y. 297; *Lawrence v. McAlvin,* 109 Mass. 311; *Gregory v. Bridgeport,* 41 Conn. 76; *Hotchkiss v. Plunkett,* 60 Conn. 230; *State v. Hammonton,* 38 N. J. Law, 430; *Sherman v. Carr,* 8 R. I. 431; *Vincent v. Nantucket,* 12 Cush. 103; *Barnert v. Paterson,* 48 N. J. Law, 395; *Powell v. Newburgh,* 19 Johns. 284; *Wiley v. Seattle,* 7 Wash. 576; *Gallagher v. Westmorland,* 31 New Bruns. 194; *Morse v. Norfolk Co.* 170 Mass. 555; 1 Beach, Pub. Corp. § 647; 1 Dillon, Mun. Corp. §§ 147, 148; Tiedeman, Mun. Corp. § 115; Mechem, Pub. Off. §§ 877–9; 19 Am. & Eng. Ency. of Law, 540; 1 Am. & Eng. Ency. of Law (2d ed.), 1117, and cases cited; *Commercial E. L. & P. Co. v. Tacoma,* 20 Wash. 288.

For the respondent there was a brief by *Carl Runge,* city attorney, and *L. W. Halsey,* assistant city attorney, of counsel, and oral argument by *Mr. Halsey.*

WINSLOW, J. This is an appeal from an order sustaining a demurrer to the complaint. The complaint alleges, in substance, that the plaintiff was the duly elected and qualified commissioner of health of the city of *Milwaukee,* and that in October, 1894, while a smallpox epidemic was raging in said city, and the plaintiff was performing his duty in trying to check the same, thirty-four charges of misconduct in office were wilfully and maliciously preferred against him, by private parties, to the council, for the sole purpose of harassing the plaintiff and causing him to abdicate his office; that the council thereupon, for the sole purpose of harassing and embarrassing the plaintiff and putting him to expense and annoyance, appointed a committee to investigate the charges; that afterwards the council, upon a report of such committee, adopted a resolution declaring nine of the charges sustained,

and dismissing the plaintiff from office; that upon *certiorari* the removal proceedings were reversed by the circuit court for Milwaukee county, and the plaintiff was reinstated in his office; that by reason of the council's taking cognizance of the said charges, and compelling the plaintiff to defend his office and official acts for the public good, he was put to great expense in procuring the services of attorneys. And he prays to recover of the city the amount of the bills for attorney's services so incurred.

It is quite apparent that this complaint states no cause of action against the city. In carrying out the laws for the preservation of the public health the city is performing a duty which it owes to the whole public as distinguished from a mere corporate duty. It is a duty which it is bound to see performed in pursuance of law as one of the governmental agencies, but not a duty from which it derives special benefit or pecuniary advantage in its corporate or private capacity. It is like the administration of the fire and police departments. *Hayes v. Oshkosh*, 33 Wis. 314; *Kuehn v. Milwaukee*, 92 Wis. 263; 2 Dillon, Mun. Corp. (4th ed.), § 977. It is well settled that a city may indemnify its officers against liabilities incurred in the discharge of their duties where the city had a right to defend or had a pecuniary or corporate interest in the discharge of such duty, but not where the officer was acting simply as an official performing a public service, such as the preservation of public order or the conserving of the public health. Mechem, Pub. Off. § 879; 1 Beach, Pub. Corp. § 648; *Lawrence v. McAlvin*, 109 Mass. 311.

If the city cannot legally agree to indemnify such officer, it plainly cannot be liable without agreement. If the common council was guilty of an actionable tort in maliciously encouraging the prosecution of the plaintiff, its members must answer therefor in their individual capacity; there would be no corporate liability. *Uren v. Walsh*, 57 Wis. 98; *Robinson v. Rohr*, 73 Wis. 436.

*By the Court.*— Order affirmed.