FOLK, Administrator, Appellant, vs. CITY OF MILWAUKEE, Respondent.

November 19 — December 7, 1900.

*Municipal corporations: Schools: Liability for death of pupil caused by defective sewer: Nuisance.*

| 108 | 359 |
|-----|-----|
| 110 | 107 |
| 108 | 359 |
| 115 | 543 |
| e115 | 544 |
| 108 | 359 |
| 117 | ¹259 |

In maintaining its public schools a city is performing merely a public duty, and it is not liable for the death of a pupil caused by sewer gas escaping into the school building from a sewer therein which had negligently, and with knowledge of the city authorities, been allowed to become out of repair and clogged up.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action brought by the administrator of the estate of Florence Folk to recover damages for the death of said Florence, caused by the negligence of the defendant. The complaint alleged the death of Florence Folk, the intestate, on the 16th day of February, 1897, at the age of seventeen years; that she left surviving, as her sole heirs at law, her father and mother; that the plaintiff was duly appointed administrator of her estate on the 20th of November, 1897, and has duly qualified as such; that during certain months of the year 1896 the deceased, Florence Folk, was lawfully attending school at one of the public school buildings owned and maintained by said city of *Milwaukee,* and that while so attending, without fault or negligence on her part, she was made sick by sewer gas which escaped from the sewers in said building by reason of the fact that such sewers were negligently and carelessly allowed to become out of repair and clogged up, with the knowledge of the city authorities, so that they failed to carry off the refuse matter contained in them, thereby creating a nuisance; that said Florence Folk died February 16, 1897, in consequence of sickness caused by said poisoning; that notice of the claim was served

on the city officers January 14, 1898. A general demurrer to this complaint was sustained, and the plaintiff appeals.

For the appellant there was a brief by *Toohey & Gilmore,* and oral argument by *J. L. Gilmore.* They contended, *inter alia,* that the complaint states a good cause of action, upon the ground that the city created and maintained a nuisance which caused the plaintiff special and peculiar damages. *Briegel v. Philadelphia,* 135 Pa. St. 451; *Hughes v. Fond du Lac,* 73 Wis. 380; *Child v. Boston,* 4 Allen, 41–53; *Steltz v. Wausau,* 88 Wis. 618; *Cairncross v. Pewaukee,* 86 Wis. 181; *Harper v. Milwaukee,* 30 Wis. 365; *Rowland v. Kalamazoo Sup'ts of Poor,* 49 Mich. 553. Where the duty as respects drains and sewers ceases to be legislative or judicial or *quasi*-judicial and becomes ministerial, then, although there be no statute giving the action, a municipal corporation is liable for the negligent discharge of or the negligent omission to discharge such duty, resulting in an injury to others. Dillon, Mun. Corp. § 1048; *Ashley v. Port Huron,* 35 Mich. 296.

For the respondent there was a brief by *Carl Runge,* city attorney, and *C. H. Hamilton,* of counsel, and oral argument by *Mr. Hamilton.* They argued, among other things, that it is settled that in the absence of statutory authority, an action will not lie against a public corporation by an individual who has sustained special damages by reason of the neglect of such corporation to perform a public duty, from the performance of which the corporation would derive no profit or advantage. *Streiff v. Milwaukee,* 89 Wis. 218; *Hayes v. Oshkosh,* 33 Wis. 314; *Sussex Co. Freeholders v. Strader,* 18 N. J. Law, 108; *Cooley v. Freeholders of Essex Co.* 27 N. J. Law, 415; *Livermore v. Freeholders of Camden Co.* 29 N. J. Law, 245; *Pray v. Jersey City,* 32 N. J. Law, 394; *Marvin S. Co. v. Ward,* 46 N. J. Law, 19; *Wild v. Paterson,* 47 N. J. Law, 406; *Vorrath v. Hoboken,* 49 N. J. Law, 285; *Jersey City v. Kiernan,* 50 N. J. Law, 249; *Hill v. Boston,* 122 Mass. 344;

*White v. Phillipston*, 10 Met. 108; *Sawyer v. Northfield*, 7
Cush. 490; *Adams v. Wiscasset Bank*, 1 Me. 361; *Reed v. Belfast*, 20 Me. 246; *Farnum v. Concord*, 2 N. H. 392; *Clark v.
Manchester*, 62 N. H. 577; *Edgerly v. Concord*, 62 N. H. 8;
*State v. Burlington*, 36 Vt. 521; *Chidsey v. Canton*, 17 Conn.
475. In the maintenance of sewers and schools a city is
acting in its public and governmental capacity. *Hill v. Boston*, 122 Mass. 344; *Wixon v. Newport*, 13 R. I. 454; *Hughes v.
Auburn*, 161 N. Y. 96; *Bank v. Brainerd School Dist.* 49 Minn.
106; *Finch v. Board of Education*, 30 Ohio St. 37; *Bigelow v.
Randolph*, 14 Gray, 541; Dillon, Mun. Corp. (4th ed.), § 965a;
Shearm. & Redf. Neg. (5th ed.), § 267. A city is not liable
for the negligence of its firemen. *Hayes v. Oshkosh*, 33 Wis.
314; *Alexander v. Vicksburg*, 68 Miss. 564; *Hafford v. New
Bedford*, 16 Gray, 297. Nor of its policemen. *Ogg v. Lansing*, 35 Iowa, 495; *Calwell v. Boone*, 51 Iowa, 687; *Perkins
v. New Haven*, 53 Conn. 214; *Norristown v. Fitzpatrick*, 94
Pa. St. 121; *Elliott v. Philadelphia*, 75 Pa. St. 347. Policemen do not derive their powers and duties from the city or
town which appoints them, but from the law, and they are
not the city's servants. *Buttrick v. Lowell*, 1 Allen, 172;
*Kimball v. Boston*, 1 Allen, 417. A city is not liable for an
illegal arrest or imprisonment by the police. *Harris v. Atlanta*, 62 Ga. 290; *Cook v. Macon*, 54 Ga. 468. A county is
not liable for injuries caused by negligence in not providing
a railing around a veranda on the second floor of the court
house. *Shepard v. Pulaski Co.* 18 S. W. Rep. 15. Nor for
injury to a prisoner while confined in a county jail. *White
v. Sullivan Co. Comm'rs*, 129 Ind. 396. Or in a free hospital.
*Benton v. Trustees of Boston City Hospital*, 140 Mass. 13. Nor
for injury to a vessel caused by failure of a bridgetender to
seasonably open a drawbridge. *Corning v. Saginaw* (Mich.),
40 L. R. A. 526. A city is not liable to a nonpaying patient
at a city hospital for injuries resulting from the negligence
and misfeasance of the officers and servants of such institu-

tion. *Murtaugh v. St. Louis*, 44 Mo. 479. A county is not liable for injuries caused by the negligence of the commissioners in the selection of an unskilful or incompetent physician for the poor. *Summers v. Comm'rs of Daviess Co.* 103 Ind. 262. A city is not liable for the negligence of its officers or agents in executing sanitary regulations, adopted for the purpose of preventing the spread of contagious disease, or in taking care and custody of persons afflicted with such disease. *Ogg v. Lansing*, 35 Iowa, 495. Nor for failure to prevent the spread of an infectious disease. *Brown v. Vinalhaven*, 65 Me. 402. Nor for negligence in the care of the insane. *Hughes v. Monroe Co.* 147 N. Y. 49. Nor for removing a healthy person to a pest house where he contracted the disease, when he was believed to be suffering with such contagious disease. *Barbour v. Ellsworth*, 67 Me. 294. Nor for ordering an infested ship to leave the harbor. *Rudolphe v. New Orleans*, 11 La. Ann. 242. Nor for taking possession of and detaining it. *Mitchell v. Rockland*, 41 Me. 363; *Harrison v. Baltimore*, 1 Gill, 264. The same rule of nonliability is applicable to cities required by statute to support paupers and orphans, and to maintain hospitals and institutions of a public nature, where the treatment is gratuitous, even when they are partly supported by private contributions. *Bryant v. St. Paul*, 33 Minn. 289; *Liberty v. Hurd*, 74 Me. 101; *Ogg v. Lansing*, 35 Iowa, 495; *McDonald v. Mass. Gen. Hospital*, 120 Mass. 432; *Spring v. Hyde Park*, 137 Mass. 554; *Benton v. Trustees of Boston City Hospital*, 140 Mass. 13; *Carrington v. St. Louis*, 89 Mo. 208; *Maxmilian v. New York*, 62 N. Y. 160; *Ham v. New York*, 70 N. Y. 459; *Haight v. Mayor*, 24 Fed. Rep. 93; *Eastman v. Meredith*, 36 N. H. 284.

WINSLOW, J. The question is whether a city is liable for the death of a child lawfully attending one of its public schools, when such death is caused by negligently allowing the sewer of the school building to become clogged up. We

think this question must be answered in the negative. This court early adopted and has consistently maintained the rule that a municipal corporation is not liable for injuries resulting from the acts or defaults of its officers where it is engaged in the performance of a merely public service, from which it derives no benefit in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community. *Hayes v. Oshkosh,* 33 Wis. 314. The case cited was one where the negligence claimed was the negligence of firemen in the discharge of their duty, and the same principle has been applied to the acts of taxing officers, policemen, and health officers. *Wallace v. Menasha,* 48 Wis. 79; *Kuehn v. Milwaukee,* 92 Wis. 263; *Kempster v. Milwaukee,* 103 Wis. 421. That the city is performing such a *public duty* in maintaining public schools cannot be doubted. The principle is thus stated in 1 Shearm. & Redf. Neg. (5th ed.), § 267: " The duty of providing means of education at the public expense by building and maintaining school houses, employing teachers, etc., is purely a public duty, in the discharge of which the local body, as the state's representative, is exempt from corporate liability for the faulty construction or want of repair of its school buildings, or the torts of its servants employed therein." The leading case upon the subject is probably the case of *Hill v. Boston,* 122 Mass. 344, where the whole field was very learnedly and exhaustively discussed. This case has been followed in principle by other courts. *Wixon v. Newport,* 13 R. I. 454; *Donovan v. Board of Education,* 85 N. Y. 117; *Hughes v. Auburn,* 161 N. Y. 96; *Ford v. Kendall School Dist.* 121 Pa. St. 543; *Finch v. Board of Education,* 30 Ohio St. 37. While the exact question here presented is new in this court, the weight of authority (especially in Massachusetts, from which state we have so largely taken our doctrine as to municipal liability for torts) is so strong in favor of the rule quoted

above that we feel no hesitation in following it.   Nor is the rule unreasonable.   Indeed, were a recovery possible under the facts stated here, no reason is perceived why damages might not be allowed for every sickness suffered by a scholar which could be traced to defective or injudicious heating, ventilation, or lack of ventilation of a school building.   Such a result would be intolerable, and might necessitate the closing of schools, by the exhaustion of funds to discharge such judgments.

We do not lose sight of the fact that there is another principle frequently approved by this court, namely, that a municipal corporation may not construct or maintain a nuisance in the street or upon its property to the damage of another, or negligently turn water or sewage upon the lands of another, without liability.   *Gilluly v. Madison,* 63 Wis. 518; *Hughes v. Fond du Lac,* 73 Wis. 380; *Schroeder v. Baraboo,* 93 Wis. 95.   These cases all go upon the principle that the city cannot in the management of its corporate property create a nuisance injurious to the property or rights of others.   In none of these cases were the city officers who were guilty of negligent or wrongful acts acting in a governmental capacity toward the person injured.   In the present case, however, there can be no doubt that in the management of the school house the city officials were acting in a purely governmental capacity, as far as their relations to the deceased child were concerned.   This consideration is, we think, controlling, and results in affirmance of the ruling of the trial court.

*By the Court.*— Order affirmed.