MANSKE, Respondent, vs. CITY OF MILWAUKEE, imp., Appellant.

*October 20—November 15, 1904.*

*Municipal corporations: Liability for negligence of member of fire department.*

A city was empowered by its charter to organize a fire department, to be composed of such officers and men as should be required and employed in the management and conduct of its fire apparatus, to establish rules and regulations for such department, to purchase material, and to equip and run such department, including the power to employ the officers and men specified, and all other necessary help. Plaintiff, in the employ of a coal dealer, was assisting in weighing coal purchased by the city for use in its fire department, and in doing so it was necessary to move a pair of scales. B., an employee in the fire department of the city, was in charge of a tug operated and controlled by the city, to which the coal was to be delivered, and so interfered with the moving of the scales that, without the fault or neglect of plaintiff, they fell and injured plaintiff. *Held:*

(1) B., at the time of the injury, was acting within the scope of his employment.

(2) The city was engaged in the performance of a public service, from which it derived no special benefit or advantage in its corporate capacity, but which it was bound to see performed in pursuance of a duty imposed by law for the general welfare of its inhabitants, and was not liable for the personal injury occasioned by the negligence of B.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This is an appeal by the city from an order overruling its demurrer to the complaint alleging, in effect, that June 26, 1903, the plaintiff was an employee of the Milwaukee-Western Fuel Company, a corporation engaged in buying and selling all kinds of coal, and having its docks and principal place of business in Milwaukee; that as such employee it was the plaintiff's duty to help load and unload and weigh coal upon the docks of the company; that on the same day, and for

some time prior thereto, the defendant Brown was in the employ of the city, and as such it was his duty to assist in the loading and weighing of coal purchased by the city for the use of its fire department; that on the day named Brown was in charge of a certain tug operated and controlled by the city, which was anchored and fastened near the docks of the company in the city; that the company, pursuant to contract with the city, had agreed to deliver a certain quantity of coal to the city for the use of its fire department; that in pursuance of such contract, and to carry away the coal so purchased by the city, Brown called with the tug at the docks of the company; that before loading the coal on the tug it was necessary to weigh the same; that the plaintiff, with the assistance of other employees of the company, loaded a pair of scales on a cart and transported the same to that portion of the docks near which the tug was fastened; that when they arrived there the cart was stopped, and the plaintiff took hold of the scales with his right hand at a small opening at the bottom thereof intended for that purpose; that the plaintiff waited for his co-employees to assist him in taking down the scales, which were very heavy, and required the combined strength of four men to take them safely from the cart; that Brown then and there boasted that he could take the scales down alone without any assistance whatever; that Brown moved toward the scales; that the plaintiff and his co-employees told him to keep away; that such warning had scarcely been uttered before Brown recklessly, carelessly, and negligently pushed the scales along the cart, the bottom of which was inclined in the direction in which the scales were so pushed; that before the plaintiff had opportunity of removing his right hand from said opening the scales were negligently and recklessly pushed over the plaintiff's right hand by Brown, thereby severely bruising said hand and crushing the ring finger of that hand so that the same will have to be amputated; that the plaintiff fully believed that Brown would not

meddle with the scales after he had been warned to keep away; that Brown acted so suddenly that the plaintiff, in the exercise of due care, was unable to escape the consequences of Brown's reckless and negligent acts. Then follow several allegations as to the nature and extent of the plaintiff's injury and damages.

The cause was submitted for the appellant on the brief of *Carl Runge,* city attorney, and *W. J. Zimmers,* assistant city attorney, and for the respondent on that of *D. J. Dalton* and *W. F. Thiel.*

CASSODAY, C. J. We are constrained to agree with counsel for the plaintiff that at the time of the injury the defendant Brown was acting within the scope of his employment. The important question presented is whether the city is liable for his alleged careless and negligent conduct while so acting. The common council of the city was empowered to establish a fire department, and "to purchase fire engines and other fire apparatus, and to organize a fire department, composed of a chief engineer, one or more assistant engineers, and such other officers and men as shall be required and employed in the management and conduct of such fire engines and apparatus, and to establish rules and regulations for such department;" and also power to purchase material, and equip and run such department, including the power to employ the officers and men specifically named, "and all other necessary help." Subch. XIV of the charter [ch. 184, Laws of 1874], and particularly secs. 3 and 4. Of course, the common council not only had the powers thus expressly granted, but also such other powers as might be necessary or convenient to carry into execution the powers thus expressly granted. *Gilman v. Milwaukee,* 61 Wis. 592, 21 N. W. 640, and cases there cited. Such powers were sufficient to authorize the purchase of all necessary coal for the fire department, and to transport the same from the docks to the place of use, and

to employ all necessary help to do such work. It sufficiently appears from the complaint that Brown was, at the time of the injury, an employee of the city in the fire department. In conducting a fire department, the city, in the language of Chief Justice DIXON, "is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community." *Hayes v. City of Oshkosh,* 33 Wis. 318. That case followed cases in Massachusetts, where it was held:

"A city is not liable for a personal injury occasioned by the negligence of the members, appointed and paid by the city council, of a fire department established by the city council pursuant to an act of the legislature." *Hafford v. New Bedford,* 16 Gray, 297; *Fisher v. Boston,* 104 Mass. 87.

Such seems to be the general rule. *Jewett v. New Haven,* 38 Conn. 368; *Wilcox v. Chicago,* 107 Ill. 334; *Robinson v. Evansville,* 87 Ind. 334; *McFadden v. Jewell,* 119 Iowa, 321, 93 N. W. 302, 60 L. R. A. 401; 20 Am. & Eng. Ency. of Law (2d ed.) 1205, and cases there cited; 2 Dillon, Mun. Corp. (4th ed.) § 976. Later cases in this court are to the same effect. *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420. Such rule is applicable to the case at bar.

*By the Court.*—The order of the superior court is reversed, and the cause is remanded with direction to sustain the demurrer, and for further proceedings according to law.