LIERMANN, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*September 5—September 24, 1907.*

*Municipal corporations: Governmental functions: Obstruction of streets: Pleading: Nuisance: Liability for consequential damages.*

1. So far as a city directs and controls the depression of railway tracks within its limits for the purpose of avoiding grade crossings it is acting in pursuance of a duty imposed by law for the general welfare of the community and is not liable for losses to its inhabitants resulting from the temporary obstruction of traffic on the streets.

2. A complaint alleging that a railway company, under the direction and control of the defendant city, while engaged in depressing its tracks, "unreasonably and unlawfully prevented and obstructed for a long space of time any traffic whatever on" certain streets, thereby diverting much business from plaintiff's blacksmith shop and causing it to be done at other places, to plaintiff's loss, does not sufficiently charge the city with authorizing or maintaining a nuisance.

3. Even if the complaint showed that the acts of the city caused a public nuisance the city would not be liable for losses such as are alleged, resulting from diversion of prospective customers who might have come down the road and might have stopped at plaintiff's shop had it not been for the obstruction.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint.

For the appellant there was a brief by *John T. Kelly,* city attorney, and *Clinton G. Price,* assistant city attorney, of counsel, and oral argument by *Mr. Price.*

*F. C. Eschweiler,* for the respondent, to the point that the city was liable on the ground that it had created a nuisance, cited *Winchell v. Waukesha,* 110 Wis. 101, 109; *Milwaukee B. Works v. Wadhams O. & G. Co.* 126 Wis. 32, 37; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 6, 13; *Velte v. U. S.* 76 Wis. 278, 282; *Bunker v. Hudson,* 122 Wis. 43, 54, and cases there cited; *Damkoehler v. Milwaukee,* 124 Wis. 144; *Kittredge v. Milwaukee,* 26 Wis. 46. For a case practically identical as to the facts, see *Bentley v. Atlanta,* 92 Ga. 623, 18 S. E. 1013.

TIMLIN, J. The city of *Milwaukee,* a municipal corporation, and the Chicago & Northwestern Railway Company, a railroad corporation, are made defendants by the plaintiff, a blacksmith having a business in a described part of the city of *Milwaukee.* Up to and by his blacksmith shop several designated public streets lead, crossing the tracks of the said railroad company near said shop. The railroad company, under the direction and with the consent of the defendant city, excavated the ground on its right of way under and adjacent to its said tracks so as to depress said tracks to a depth of eighteen or twenty feet at the points where said tracks were crossed by the streets leading up to plaintiff's place of business. The tort or delict of the city is pleaded as follows: After charging that the railroad company, "in doing such work, excavated the place aforesaid for such track depression to a great depth, as aforesaid," it is averred that the railroad company, "while so doing, unreasonably and unlawfully prevented and obstructed for a long space of time any traffic whatever on the said highways hereinbefore specifically mentioned, and did for still longer periods of time greatly and

unreasonably hinder, delay, and impede traffic over the same, and all with the consent and under the direction and control of the defendant city of *Milwaukee*." The manner in which this alleged tort injured the plaintiff is described only as follows:

"Plaintiff further alleges that such delay and obstruction of the traffic diverted a large amount of business away from plaintiff, and caused it to be done at other places, and to the plaintiff's loss, and prevented a large amount of transient and other business which would have otherwise gone to plaintiff to be diverted from him, to his great loss," etc.

Two questions, we think, arise upon demurrer: *First.* Is there any actionable tort charged against defendant city? *Second.* Is there pleaded any legal injury to the plaintiff? The depression of the tracks of the railroad company, with the consent and under the direction and control of the defendant city, must be understood to refer to the sinking of such tracks for the purpose of abolishing grade crossings within the city. Consequently, so far as the city directed and controlled the depression of the railroad company's tracks, the city was in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community, and, except for property taken (Const. art. I, sec. 13), would not be liable to the plaintiff, one of such inhabitants. *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420; *Bunker v. Hudson,* 122 Wis. 43, 99 N. W. 448; *Lowe v. Conroy,* 120 Wis. 151, 97 N. W. 942; *Spellman v. Caledonia,* 117 Wis. 254, 94 N. W. 27; *Ziegler v. West Bend,* 102 Wis. 17, 78 N. W. 164; *Alexander v. Milwaukee,* 16 Wis. 247; *Waters v. Bay View,* 61 Wis. 642, 21 N. W. 811; *Heth v. Fond du Lac,* 63 Wis. 228, 232, 23 N. W. 495; *Colclough v. Milwaukee,* 92 Wis. 182, 65 N. W. 1039; *Harrison v. Milwaukee Co.* 51 Wis. 645, 8 N. W. 731; *Wallich v. Manitowoc,* 57 Wis. 9, 14 N. W. 812.

Such being the general rule, it is contended that this complaint presents rather the case of a nuisance created or author-

ized by the city. But no facts are averred, and we are asked to rest a ruling that the city created or authorized a nuisance upon the pleader's conclusion that the railroad company, with the consent and under the direction of the city, and while engaged in this track depression, "unreasonably and unlawfully prevented and obstructed for a 'long space of time any traffic whatever on the said highways." To hold this averment sufficient would be to make the city liable at least to defend an action against every citizen who considered the temporary obstruction of the streets caused by the improvement in question "unreasonable and unlawful." The averment is insufficient to save the complaint on the ground that it charges the city with authorizing or maintaining a nuisance in the conceded and otherwise lawful interruption of traffic.

The complaint is further defective in failing to show any legal injury sustained by the plaintiff. *Hall v. Kitson,* 3 Pin. 296; *Clark v. C. & N. W. R. Co.* 70 Wis. 593, 36 N. W. 326; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969, and cases cited. The only losses which he claims are not damages to an existing business or to good will, but the loss of prospective customers who might have come down the road and who might have stopped at his shop had it not been for this obstruction. Even if, by the pleading, the acts of the city were shown to have caused a public nuisance, the city would not be liable in an action at law for this class of consequential damages. *Stadler v. Milwaukee,* 34 Wis. 98. These damages are the same in kind, although they may be greater in degree than the damages common to all citizens by reason of the obstruction of the street and the delay of traffic and travel. *Alexander v. Milwaukee,* 16 Wis. 247; *Clark v. C. & N. W. R. Co.* 70 Wis. 593, 36 N. W. 326; *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969.

*By the Court.*—The order of the circuit court is reversed, with directions to sustain the demurrer.