HIGGINS, Appellant, vs. CITY OF SUPERIOR, Respondent.

*December 16, 1907—January 8, 1908.*

*Municipal corporations: Fire department: Negligence in selection of
servants: Negligence of driver: Liability of city.*

1. Under a complaint alleging, in substance, that plaintiff was in-
jured through the negligence of a fireman of a city in charge
of and driving a team of the defendant on the streets; that his
negligent conduct, which was well known to the city officials
when they selected him for such position, was the result of his
intemperate habits and reckless disposition, and that, though
fully apprised of his negligent and reckless conduct after hav-
ing placed him in charge of his public duties, he was not re-
moved, *held*, even if the city officers were remiss in their official
duties, such neglect of duty constituted no legal ground for
holding the city liable for the damages resulting therefrom.

2. Where a city is engaged in the performance of a public service,
which it is bound to see performed in pursuance of a duty im-
posed by law for the general welfare of the inhabitants or the
community, no action will lie against the city for any negli-
gence or misconduct of its officers and agents engaged in the
discharge of such duty.

3. Members of the fire department are within such class of city em-
ployees.

4. Where one is injured by the acts of a driver of a city fire de-
partment, and the acts which the city engaged the driver to
perform are not unlawful or inherently dangerous, and the dan-
gers complained of resulted from the negligent manner in which
such driver performed the lawful functions of the city, the
wrongful acts complained of are the acts of the city's servant
in the management of the fire department, for which no action
will lie against the city.

APPEAL from an order of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Affirmed.*

On October 1, 1904, the plaintiff was driving upon Fifty-
eighth street, one of the public streets of the city of *Superior.*
He was going toward his home and was run into by a team
and wagon of the city fire department driven by one of the

sity's firemen, Larry Strong, and as a result of the collision
the plaintiff's horse was killed, his buggy destroyed, and his
leg was crushed and broken so that he has entirely and perma-
nently lost the use of it, and he has sustained other injuries.
It is alleged that the driver of the city team had been em-
ployed by the defendant and placed in charge of the city
team about one year prior to the time of the accident, and
that to the knowledge of the defendant he "was addicted to
the use of intoxicating liquors and habitually intoxicated,
wholly and entirely incompetent for service as a fireman and
in the driving and handling of said team, and he was wholly
and entirely unfit for said service, habitually reckless, care-
less, and negligent, and unsafe and dangerous to public trav-
elers upon said streets." It is also alleged that "the defend-
ant was careless and negligent in employing said Larry
Strong, in placing him in its service as a fireman, and in
placing him in charge of, giving him authority and control
over, said team and the driving and handling of the same."
It is also alleged that, having knowledge of these facts and
the negligent manner in which such driver handled the team
and used the public streets,

"the defendant carelessly and negligently failed and neg-
lected to discharge the said Larry Strong, its said fireman, or
to take him out of the defendant's service, but on the contrary
carelessly and negligently retained him in its service, and
continued him in charge of its said team and wagon until
after the accident and injury to the plaintiff; and the de-
fendant, and its officers, agents, and servants having charge
and control of its streets, carelessly and negligently failed
and neglected to take any steps or means to prevent the said
Larry Strong from so driving and handling said team on
said Fifty-eighth street, or to prevent him from so obstruct-
ing, endangering, and impeding public travel thereon, . . .
said fireman thereby, and through defendant's carelessness
and negligence, creating and becoming a public nuisance
upon said streets and endangering and obstructing the public
use and travel on said streets."

Such conduct and negligence of the city officers in not removing him and in not preventing such use of the street is charged to have constituted an obstruction and a nuisance and to have been the cause of plaintiff's injuries. Damages are demanded in the sum of $12,000. Defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was sustained. This is an appeal from the order sustaining the demurrer.

*W. P. Crawford,* for the appellant.

For the respondent there was a brief by *T. L. McIntosh,* city attorney, and *L. K. Luse,* of counsel, and oral argument by *Mr. Luse.*

Siebecker, J.    The substance of these allegations is that the plaintiff was injured through the negligence of a fireman of the city in charge of and driving the team on the streets of the city; that his negligent conduct, which was well known to the city officials when they selected him for such position, was the result of his intemperate habits and reckless disposition; and that, though fully apprised of his negligent and reckless conduct after having placed him in charge of these public duties, they neglected to remove him. It is averred that this action of the city officials in so employing and retaining this driver in the city's service renders the city liable for his wrongful conduct while he was performing such public services for the city, upon the ground that such negligent and reckless driving of the city's team and fire apparatus upon the public streets constituted a dangerous obstruction in the streets, rendering the city liable for any injury caused thereby. The gravamen of the complaint is the negligence of the driver of the team and the omission of the city authorities to fully discharge their public duty by selecting and retaining him in the employ of the city with knowledge of his negligent conduct and intemperate habits. Unquestionably the city officers were remiss in their

official duties if they selected and retained an incompetent and reckless driver to take charge of a team connected with the city's fire department. Such neglect of duty, however, constitutes no legal ground for holding the city liable for the damages resulting therefrom.

The only other ground upon which a liability against the city is claimed is the alleged negligence of the driver as a city employee in the management of the team and wagon of the fire department of the city. The rule of the city's non-liability for any negligence of city officers and employees in the conduct of this branch of the city's affairs is well established and clearly defined in the decisions of our state. The early case of *Hayes v. Oshkosh,* 33 Wis. 314, declared the law on the subject, and it has been followed in numerous subsequent cases. It is there held that when a city is "engaged in the performance of a public service, . . . which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community," no action will lie against it for any negligence or misconduct of its officers and agents in the discharge of such official duties, and that the members of the fire department are within this class of city employees. *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65; *Schultz v. Milwaukee,* 49 Wis. 254, 5 N. W. 342; *Kempster v. Milwaukee,* 103 Wis. 421, 79 N. W. 411.

It is said by the appellant that the facts alleged show that the conduct of the driver of the team of the fire department was in legal effect such as to cause an obstruction of the streets of the city, imperiling people lawfully using them, and that this was known to and permitted by the city officers, and that this renders the city liable for a violation of the city's duty to keep the streets clear from obstructions and in a safe condition for travel. This argument loses sight of the fact that the acts which the city engaged this driver

to perform were not unlawful or inherently dangerous, and that the dangers complained of resulted from the negligent manner in which such driver performed the lawful functions of the city. This makes the wrongful acts complained of the acts of the city's servant in the management of the fire department and brings them within the principle established by the foregoing and other cases. *Saunders v. Fort Madison,* 111 Iowa, 102, 82 N. W. 428; *Gillespie v. Lincoln,* 35 Neb. 34, 52 N. W. 811; 5 Thomp. Comm. on Neg. § 5785 *et seq.*

*By the Court.*—The order appealed from is affirmed.