BRUHNKE, by guardian *ad litem,* Appellant, vs. CITY OF LA CROSSE, Respondent.

*December 12, 1913—January 13, 1914.*

*Municipal corporations: Street cleaning: Negligence of driver of dump wagon: Injury to child: Liability: Attractive nuisance.*

1. The care and maintenance of the highways in a city is a governmental duty; and the city is not liable *respondeat superior* for negligence of an employee or licensee in operating a city dump wagon which is being used for street-cleaning purposes.
2. The mere fact that a dump wagon owned and operated by a city for street-cleaning purposes was attractive to children would not make its use on the streets unlawful or its presence a nuisance. The city is not liable, therefore, for injuries to a child who followed the wagon and, just as the driver dumped the load, came in contact with the chains constituting a part of the dumping device. *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, distinguished.

APPEAL from an order of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer to the complaint.

For the appellant the cause was submitted on the brief of *James Thompson.* He contended, *inter alia,* that the claim, being for injuries sustained by reason of a defect in defendant's property which the defendant knew or ought to have known was inherently dangerous, particularly to small children likely to come in contact with it, pertains to defendant's proprietary functions and not to its governmental functions. *Morrison v. Eau Claire,* 115 Wis. 538, 544, 545, 92 N. W. 280. In the care and management of their property municipal corporations, like individuals, are in duty bound to produce no injury to others. Cooley, Torts (2d ed.) 738, 739 ; *Rowland v. Superintendent of Poor,* 49 Mich. 553, 14 N. W. 494; 20 Am. & Eng. Ency. of Law (2d ed.) 1205 ; 28 Cyc. 1307 ; 4 Dillon, Mun. Corp. (5th ed.) § 1671; *Little v. Madison,* 42 Wis. 643 ; *Rochester W. L. Co. v. Rochester,* 3 N. Y. 463; *Libby v. Portland,* 105 Me. 370, 74 Atl. 805, 26 L. R. A. N. s. 141; *Fox v. Philadelphia,* 208 Pa. St. 127, 57 Atl. 356, 65 L. R. A. 214; *Todd v. Crete,* 79 Neb. 671, 113 N. W. 172; *Pass Christian v. Fernandez,* 100 Miss. 76, 56 South. 329, 39 L. R. A. N. s. 649; *Roman v. Leavenworth* (Kan.) 133 Pac. 551; *Kennedy v. New York,* 73 N. Y. 365; *Stephani v. Manitowoc,* 89 Wis. 467, 62 N. W. 176; *Mulcairns v. Janesville,* 67 Wis. 24, 32, 33, 29 N. W. 565; *Fink v. Des Moines,* 115 Iowa, 641, 89 N. W. 28.

*A. H. Schubert,* for the respondent.

TIMLIN, J. The gravamen of the complaint is that the city owned and operated certain dump wagons so constructed as to be attractive to children, and dangerous to the children so attracted while the wagon was being dumped. That on April 19, 1912, the city was operating one of these wagons filled with earth and refuse, and the infant plaintiff, five years of age, followed this wagon and came in contact with the chains forming constituent parts of the dumping device, just as one of the employees of the city in charge of the

wagon, without notice or warning to the plaintiff, negligently disengaged the dumping device, causing the chains moved by such disengagement to move and draw the infant into or against the pulleys through which these chains passed, with great force, seriously injuring the infant. It is not averred that this employee knew or ought to have known of the presence or proximity of the infant.

A second cause of action is attempted to be set forth in all respects similar to the foregoing except that the person called an employee of the city in the first is called a licensee of the city in the second. The complaint fails to set forth any facts tending to show that the defendant city was operating these wagons in its proprietary capacity, and it is assumed by both counsel that the wagons were used for street-cleaning purposes by the city, and on this ground the learned circuit court sustained the demurrer, holding that this was a public governmental duty imposed by law upon the city, and hence the latter was not liable *respondeat superior,* citing *Hayes v. Oshkosh,* 33 Wis. 314; *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Higgins v. Superior,* 134 Wis. 264, 114 N. W. 490; *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Haley v. Boston,* 191 Mass. 291, 77 N. E. 888, 5 L. R. A. N. s. 1005.

The learned counsel for the appellant invokes the rule of the *Turntable Cases,* so called, and annexes to this the rule that a municipal corporation cannot, without incurring liability therefor, operate and maintain a nuisance, citing *Harper v. Milwaukee,* 30 Wis. 365; *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668; 20 Am. & Eng. Ency. of Law (2d ed.) 1209; *Little v. Madison,* 42 Wis. 643; *Stephani v. Manitowoc,* 89 Wis. 467, 62 N. W. 176; *Mulcairns v. Janesville,* 67 Wis. 24, 29 N. W. 565; and other cases.

This is a mistaken correlation of distinct and independent rules. When a city creates a nuisance it is not exercising a governmental function, but is doing something forbidden

by law. Where an object is of a construction not forbidden by law and in a place authorized by law, it is impossible that it should be a nuisance. It is not unlawful to use dump wagons. If mere averment or proof that a useful implement or vehicle was attractive to children would make its use on the streets unlawful and its presence a nuisance, most of the useful vehicles, implements, and appliances must be withdrawn from the service of mankind. An automobile, a carriage, or a dumping wagon is each attractive to and dangerous to children, and often dangerous even to adults. But that does not make either, when in legitimate use, a nuisance in the public street. *Kelly v. Southern Wis. R. Co.* 152 Wis. 328, 140 N. W. 60, is distinguishable, inasmuch that the streets are primarily for the purpose of travel or traffic by children or adults on foot or in vehicles, and there an extraordinary use of the street was made at a point therein adjacent to the sidewalk and by the employment of a device dangerous and at the same time attractive to children who might be on the sidewalk for travel or play. The use was not extraordinary in stringing electric wires, but it was extraordinary in that such use of the streets is only occasional and not ordinary. There the negligence of the defendant consisted in placing this appliance where it did and leaving no one near by to guard it or keep children away from it. Here the situation is manifestly different. The driver or operator of a dump wagon lawfully using the street has no more reason to apprehend that children will follow his wagon and take hold of the dump chains than has the driver of a carriage or automobile reason to apprehend that a child is clinging to his vehicle. There being nothing unlawful in the use of such wagons, and no rule of diligence requiring the owner or operator to exercise more than ordinary care in their operation, and there being no averment that the driver of this dump wagon knew, or in the exercise of ordinary care should have known, that the child was in contact with this dump

wagon, the case is extremely weak if not defective even on the negligence of the driver of the wagon. But it is not necessary to decide this point. If we assume that there was negligence on the part of the driver or licensee, the city was not responsible for that negligence, because in the care and maintenance of highways the city is exercising a governmental duty, not for its own advantage or gain, but as an administrative agency of the state. This view seems to be well supported by the case of *Evans v. Sheboygan,* 153 Wis. 287, 141 N. W. 265, and cases cited in that opinion. There is no such common-law liability as expressed by the maxim *respondeat superior* in such cases. It follows that the order of the circuit court must be affirmed.

*By the Court.*—Order affirmed.

