ENGEL, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*October 8—October 27, 1914.*

*Municipal corporations: Liability for negligence of employees: Governmental functions.*

A city is not liable for the negligence of one in its employ while engaged in the performance of public or governmental duties, such as the running of an automobile in the service of the fire and police alarm system of the city.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge.   *Affirmed.*

This action was brought against the defendant, city of *Milwaukee,* to recover damages alleged to have been caused through the negligence of the employees of the defendant city which resulted in plaintiff's injury.   Upon the trial the court sustained the defendant's objection to receiving evidence under the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action, and ordered judgment against the plaintiff dismissing the complaint with costs.   Judgment was entered accordingly, from which this appeal was taken.

. For the appellant there was a brief by *Lehr, Kiefer &*

*Reitman,* attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *J. Elmer Lehr.*

For the respondent there was a brief by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.*

KERWIN, J.  The facts are fully set out in the complaint, from which it appears that the injury complained of was caused by the negligence of an employee of the defendant city while engaged in the department of fire and police alarm system of the defendant city, authorized by sec. 959—46*d,* Stats., in running an automobile used in such service so negligently as to cause the injury set forth in the complaint.

The only question in the case is whether the defendant city is liable for 'injuries caused through the negligence of an employee of the defendant while engaged in performing the services alleged.  There is no doubt but that the duties which the employee was performing for the defendant city at the time of the accident were public or governmental duties. It is settled by the decisions of this court that a city is not liable for the negligence of one in its employ while engaged in the performance of a public or governmental function. *Hayes v. Oshkosh,* 33 Wis. 314; *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377; *Kuehn v. Milwaukee,* 92 Wis. 263, 65 N. W. 1030; *Higgins v. Superior,* 134 Wis. 264, 114 N. W. 490; *Kempster v. Milwaukee,* 103 Wis. 421, 79 N. W. 411; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420; *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65.

The facts alleged in the complaint bring the present case within the rule of the foregoing decisions, therefore the complaint states no cause of action.

*By the Court.*—The judgment is affirmed.