JORGENSON, Appellant, vs. CITY OF SPARTA, imp., Respondent.

*February 11—March 9, 1937.*

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth.*

For the respondent there was a brief by *L. J. Goodman,* city attorney, and *Donovan, Gleiss & Goodman* of counsel, all of Sparta, and oral argument by *Mr. Goodman.*

FAIRCHILD, J.   At the time of the collision the city of Sparta required each policeman to furnish his own automobile for such use in the discharge of his duties as the department might require.   In fixing the salary of the officer the use of the automobile furnished by him was taken into consideration.   The issue is governed by sec. 66.095, Stats. That section provides for the recovery of damages proximately resulting from the negligent operation of a motor vehicle "owned and operated" by any city.   The position of plaintiff is that although the motor vehicle in question was not owned by the city, still, because it was being used by an employee in the performance of municipal business, the city is liable under the circumstances described in the complaint. He contends, (1) that the word "and" in the connection referred to was intended and used in a convertible sense and should be construed as "or;" (2) the word "owned" was not used or intended in the sense of denoting legal title, but merely required control or right of dominion.

The purpose of using the terms "owned and operated by any city" becomes apparent upon consideration of the state of the law before the act was passed and the legislative history of its passage.   Before the statute, no action for tort could exist against the city in the circumstances presented by this case.   As stated in a case decided in 1900:

"A municipal corporation is not liable for injuries resulting from the acts or defaults of its officers where it is engaged in the performance of a merely public service, from which it derives no benefit in its corporate capacity, but which it is

bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants or of the community." *Folk v. Milwaukee,* 108 Wis. 359, 363, 84 N. W. 420. *Kelley v. Milwaukee,* 18 Wis. *83; *Hayes v. Oshkosh,* 33 Wis. 314; *Liermann v. Milwaukee,* 132 Wis. 628, 113 N. W. 65; *Engel v. Milwaukee,* 158 Wis. 480, 149 N. W. 141.

So far as governmental function is concerned, the legislature raised the ban upon the bringing of an action against a city for a negligent act when damage was caused by the negligent operation of a motor vehicle "owned and operated" by the city. The bill, No. 187, A. (1929), as originally introduced, did not contain the words "owned and," but read:

"Any person, firm or corporation suffering damage to person or property proximately resulting from the negligent operation of a motor vehicle *operated* by a city. . . ."

The bill was amended in several respects, one being the addition of the words *"owned and,"* and became a law. The words *"owned and operated"* thus take on the significance that what may be called a technical interpretation suggests. Many city employees use their own cars in performing their duties as agents of the city. The likelihood of a municipal responsibility resulting from negligent acts in the operation of such cars would naturally deter the legislature from passing a law including such situations. The legislature evidently intended that the liability in such instances should be left where it had always rested, upon the owner of the car. The difference in protection to the city that would go with ownership and complete control of operation and repair of the machine, as against operation at times of a car owned, controlled, and kept in condition or not at the option of an official is too great to be passed over or to warrant assuming that the words "owned and" were not written into the law as a studied and purposeful act requiring that the words be given their plain meaning—the one most effective to limit the lia-

bility to the particular operations intended to be affected. As said in *Green Bay & M. C. Co. v. Telulah P. Co.* 140 Wis. 417, 421, 122 N. W. 1062:

"Courts certainly should not be industrious in seeking out obscure or unusual meanings to attach to statutory expressions, when the words used are plain and unambiguous and the ordinary meaning is entirely reasonable." *Estate of Singer,* 192 Wis. 524, 213 N. W. 479; *Gilbert v. Dutruit,* 91 Wis. 661, 665, 65 N. W. 511.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.