340    SUPREME COURT OF WISCONSIN. [Oct.

Highway Trailer Co. v. Janesville Electric Co. 178 Wis. 340.

HIGHWAY TRAILER COMPANY, Appellant, vs. JANESVILLE
ELECTRIC COMPANY, Respondent.

*September 12—October 10, 1922.*

*Municipal corporations: Maintaining waterworks: Extinguishing
fires: Proprietary or governmental capacity: Liability for
failure of water supply: Corporation furnishing power:
Liability: Tort of power company.*

1. A city operating a water-supply system and furnishing water
   for private use and for extinguishing fires by the city's fire
   department was not liable to the owner of a building damaged
   by fire because of an interruption of the service being ren-
   dered by the city in extinguishing the fire.
2. When engaged in the performance of services in the conduct
   of a business from which it is receiving particular and spe-
   cific financial return, a city is accountable for the default or
   negligence of its employees as though it were a private cor-
   poration.
3. A corporation under a contract with a city to furnish the
   water supply to a city and its inhabitants is not liable for
   damages caused by any breach of its contract obligation to
   furnish sufficient pressure in the water mains for private
   protection, the city itself not being liable for such damage.
   *Britton v. Green Bay & Ft. Howard W. W. Co.* 81 Wis. 48,
   followed.
4. If two permissible constructions of a complaint are presented,
   the court is required to adopt that construction which will
   support a cause of action rather than another which would
   not.
5. In an action by the owner of a building damaged by fire against
   an electric power company, a complaint alleging that the de-
   fendant had made a contract requiring it to furnish electric
   power to the city for the operation of pumps in connection
   with its waterworks system; that while the fire department
   of the city was engaged in extinguishing a fire in plaintiff's
   building the defendant negligently caused the current to be
   cut off; and that by reason thereof the water pressure was in-
   sufficient to enable the fire department to control or extinguish
   the fire, states a cause of action in tort for intentional, unwar-
   ranted, and negligent interference with the electric current
   being furnished to and used by the city in attempting to put
   out the fire.

APPEAL from an order of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

The complaint alleges that the plaintiff is a manufacturing corporation doing business in the city of Edgerton, Wisconsin. That defendant, also a Wisconsin corporation, is in the business of generating, purchasing, selling, and distributing electric current, with its principal location at Janesville, and for some time prior to May, 1921, it was supplying electric current to the plaintiff and other residents of Edgerton for light and power purposes and to that city for street-lighting purposes. That in May, 1921, the city and defendant made a contract whereby it was to furnish electric power to the said city for the operation by the city of two pumps in connection with its waterworks system which had theretofore been operated by steam power, and which system furnished water to its inhabitants for private use and also such as was to be used for the purpose of extinguishing fires by the city organized and maintained fire department. That defendant maintained a substation in said city through which the electric power was communicated from the power line running from Janesville, and constructed and maintained a pole line from such substation to the said pumping station, such line carrying 6,600 volts and running in an alleyway between certain buildings then belonging to and used by the plaintiff. That on July 4, 1921, at about 12:45 a. m., one of plaintiff's sets of buildings was discovered to be on fire. That promptly thereafter the fire department of Edgerton responded to the alarm and commenced throwing water on the fire at about 1 a. m. That the pumps necessary for supplying the water for such use were immediately put in operation under the electric current so furnished by defendant, and then and thereafter so long as such current was being supplied were giving sufficient and ample pressure to the water supply to enable the firemen to reach and control and eventually to subdue the fire, if such pressure had been continuously maintained.

342    SUPREME COURT OF WISCONSIN.    [Oct.

Highway Trailer Co. v. Janesville Electric Co. 178 Wis. 340.

That there was a failure by defendant to comply with the requirements of standard construction and of ordinary care in the installation of its electric equipment, in that the defendant failed to provide a separate main-line switch or similar equipment for the city pumping station separate from other connections so that the electric current to other consumers could be cut off without interfering with the supply to the city pumping station. That the need of such form of installation was known to defendant at the time of installation., That it was then also informed and knew that the steam plant then belonging to the city of Edgerton and theretofore used as a means of running the waterworks system would be maintained as an auxiliary, but that as such it would take an hour or more after notice of the need thereof before such steam auxiliary could give sufficient and normal pressure on the water mains.

That after the starting of the fire and while the fire department was engaged in subduing and controlling the said fire and had the same under control and confined to a comparatively small area so using the pressure as developed and maintained by the defendant's electric current, the defendant negligently, at about 1:15 a. m., caused the electric current to be cut off on its lines to the city of Edgerton at the main plant in Janesville and remained so discontinued for the space of three fourths of an hour, during which period defendant cut the primary wires on one of the poles in the pole line between plaintiff's plant and the pumping station. That there was no necessity or occasion for the cutting of the wires or the suspending of service, as was then known to defendant's local manager and servants. That such cutting of the primary wires was carelessly and negligently done and much more time used in so doing than was necessary in the exercise of ordinary care, and by reason of such unnecessary interruption of the service the fire progressed beyond the control of the fire-

men.   That at the time of the cutting off of the electric current at Janesville as aforesaid the local manager of defendant at Edgerton was informed that the steam plant· was not then ready to furnish steam power sufficient to operate the pumps in the pumping station for some considerable period of time and too late to be of value in the putting out of the fire.

That the electric service was restored by defendant at about 2 o'clock a. m., but that then the defendant negligently failed to notify any of the officers or employees of the city of the fact of the restoration of such service, and that by reason thereof the city continued to use the steam auxiliary plant so then furnishing insufficient pressure, and that had such information of restoration of service been promptly given the electric pumps could then have been again put in operation and a portion of the buildings and their contents have been saved.

That upon such cutting off of the electric current the pressure dropped to about one half of the normal and was insufficient to enable the firemen to control or extinguish the fire, and that by reason thereof the fire passed beyond their control and destroyed plaintiff's buildings and the personal property therein to the plaintiff's loss of $295,000.   That except for the negligent acts and omissions of the defendant as in the complaint alleged there would have been but a partial loss of the buildings and contents instead of a complete loss, and that therefore the plaintiff sustained damages by reason of the negligent acts and omissions of the defendant and as the proximate result thereof in the sum of $250,000, for which sum as damages judgment was prayed.

The defendant demurred to the complaint on the ground that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action.   The demurrer was sustained by the court below, and from the order made upon such decision plaintiff has appealed.

For the appellant there was a brief by *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, and oral argument by *Harry L. Butler* and *Byron H. Stebbins.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Otto A. Oestreich.*

ESCHWEILER, J.    The defendant in supporting the order sustaining the demurrer urges as follows:

*First.* That the complaint must be construed as disclosing a situation wherein the defendant has but breached its contract with the city of Edgerton for the furnishing of electric current for the waterworks of said city.

*Second.* That in the maintaining and operating of such waterworks system, so far at least as to its use in extinguishing fires, the city of Edgerton was only performing a governmental function and for default therein such city incurs no liability whatsoever.

*Third.* That inasmuch as defendant's connection with such services is based upon its contract with the city, the defendant also cannot be held liable though engaged in furnishing but part of the necessary service for the purpose of extinguishing fires, just as water companies conducting the entire waterworks system under contract with the city have been held not liable for failure to keep up, according to contract, sufficient pressure in the water mains.

No question can well be raised but that under the established doctrine in this state as well as almost universally elsewhere, under no construction to be given to the facts alleged in the complaint could there be a liability established as against the city of Edgerton for the loss occurring to plaintiff by the interruption in the service being rendered by the city in extinguishing the fire in plaintiff's building.

In *Hayes v. Oshkosh,* 33 Wis. 314, where sparks from the city's fire engines, then being carelessly operated in the putting out of a fire in a neighboring barn, set plaintiff's

store afire and damaged his goods, it was held that, the city being then in the performance of a public service in which it has no particular interest and from which it derives no special benefit, its firemen were acting, not as servants or agents, but as public officers, and that there was no liability as against the municipality in the absence of a statute to that effect.

The same doctrine was upheld in *Manske v. Milwaukee,* 123 Wis. 172, 101 N. W. 377, where plaintiff was injured by the negligence of an employee of the fire department in carelessly moving a pair of scales used in weighing coal for the city fire department. Again in *Higgins v. Superior,* 134 Wis. 264, 114 N. W. 490, where the injury occurred through the negligence of a known incompetent driver for the city fire department. Again in *Engel v. Milwaukee,* 158 Wis. 480, 149 N. W. 141, where the city was held not liable for an injury caused by the negligence of the driver of the automobile used in the department of the fire and police alarm system.

That such view is in accord with the overwhelming weight of authority in this country is clearly indicated from the cases listed in 9 A. L. R. 143. But one state in recent years has held to the contrary, and by a decision in 1919 the Ohio supreme court expressly overruled its former decision in that regard and now holds that a municipal corporation can properly be held liable for injury to a pedestrian by the negligent driving of the city's fire apparatus. *Fowler v. Cleveland,* 100 Ohio St. 158, 126 N. E. 72, 9 A. L. R. 131. The same ruling has been had as to the operation of a fire tug, but that by reason of maritime law. *Workman v. New York City,* 179 U. S. 552, 570, 21 Sup. Ct. 212, 45 Lawy. Ed. 314.

There is a manifest distinction between services rendered by a city in extinguishing fires for which, as is well known, no compensation is received by the city and a situation arising from negligence in the operation or maintenance of

a waterworks system by the city where water is furnished to private consumers upon contract and for compensation. When engaged in the performance of services in the conduct of a business from which it is receiving particular and specific financial return, the municipality is held accountable for the default or negligence of its employees as though it were a private corporation. *State Journal P. Co. v. Madison,* 148 Wis. 396, 403, 134 N. W. 909; *Piper v. Madison,* 140 Wis. 311, 314, 122 N. W. 730; *Nemet v. Kenosha,* 169 Wis. 379, 383, 172 N. W. 711. It was clearly referring only to its conducting the waterworks system as a revenue producer and not when within the limited purpose of furnishing fire protection that this court speaks of it as acting in a proprietary capacity in *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 252, 179 N. W. 2.

The clear distinction between such two services and the acting by the municipality in its proprietary capacity in the one and its exercise of governmental function in the other is pointed out in *Piper v. Madison, supra,* and in *Chicago v. Selz, Schwab & Co.* 202 Ill. 545, 67 N. E. 386, there cited.

Upon the third point above stated and as urged here by the defendant, it was early held in this state, has been steadily adhered to since, and in accord with the general line of authority elsewhere, that a private corporation under contract with the city to furnish the water supply to such city and its inhabitants is not liable any more than is the city for damages arising from any breach of its contract obligations to furnish sufficient pressure in the water mains for fire protection. The question was squarely presented and fully discussed in *Britton v. Green Bay & Ft. H. W. W. Co.* 81 Wis. 48, 51 N. W. 84, where the damages sought to be recovered occurred by reason of the failure of the waterworks company to comply with a provision of its franchise with the city expressly requiring it to furnish

Highway Trailer Co. v. Janesville Electric Co. 178 Wis. 340.

water both for public and private use and for the putting
out of fires, and in that case the distinction between the two
kinds of services was pointed out. Page 53. The question
was again fully discussed and this court strongly urged to
change the rule so announced in the *Britton Case* in the case
of *Krom v. Antigo Gas Co.* 154 Wis. 528, 140 N. W. 41,
143 N. W. 163. Upon the first decision in the *Krom Case*
it was held that there could be a liability under the treble-
damage provisions of the public utility law, but upon re-
hearing that view was withdrawn and the court then agreed
with the opinion expressed by Mr. Justice TIMLIN in his
concurring opinion, in which is found a full discussion of
this question. So the rule in the *Britton Case* was expressly
reaffirmed and added weight given to it from the view the
court then expressed (p. 544) as to the tremendous liabil-
ities that would be now imposed upon such water companies
which had assumed similar situations in evident reliance
upon the rule announced in the *Britton Case.*

If, therefore, the complaint must receive the construction
contended for by defendant, and there is much plausible
support in the language used therein for such contention,
then under the decisions above quoted there could be no
escape from the conclusion that the complaint states no
cause of action as against the defendant and the demurrer
should have been, as it was, sustained.

The plaintiff, however, contends that the complaint is
grounded in tort and sufficiently shows an intentional, un-
necessary, and negligent interference by defendant with the
electric current then being furnished to and used by the
city of Edgerton in its then present service in attempting to
put out the fire on plaintiff's premises, and that for injuries
proximately caused by such negligent present interference
the defendant must be held liable as a tortfeasor, as much
so as though it were an unquestioned interloper. And
further, that the allegations in the complaint showing the
contractual relationship between the city and the defendant

Highway Trailer Co. v. Janesville Electric Co. 178 Wis. 340.

are but explanatory of the situation and not controlling as to the respective rights and liabilities of the parties here.

Under the rule binding us as to liberal constructions of pleadings, if two permissible constructions of a complaint are presented we are required to adopt that which will support a cause of action rather than another which would tend to show no legal ground for action. From the allegations of this complaint as summarized in the statement of facts we can see sufficient to support the conclusion that there is alleged not merely a breach of defendant's contract with the city of Edgerton, but a breach of the obligation which the defendant, as well as all persons, owed to the plaintiff as well as to all other residents of the city to whom at any time the city of Edgerton might be in the immediate performance of its governmental function of fire protection, to not interfere with such gratuitous and voluntarily assumed function by the city, and that any breach of such implied duty so resting on defendant and all third persons by any intentional, unwarranted, or negligent interference with or caused interruption of such service may be considered a tort, and for the damages proximately caused thereby the person responsible for the same be held liable.

We consider, therefore, that the allegations tending to show defendant's intentional, unnecessary interruption of and interference with the service being rendered to plaintiff by the city in extinguishing the fire brings this case squarely within the rule and doctrine stated in the case of *Concordia F. Ins. Co. v. Simmons Co.* 167 Wis. 541, 168 N. W. 199, where the defendant, while driving piles for a building on its own premises, broke into the main water supply pipes of the city of Kenosha and interrupted its service in fire protection.

It follows, therefore, that it must be held that the complaint states a cause of action and the demurrer thereto should have been overruled.

*By the Court.*—Order reversed.