**CONSOLIDATED TEA CO., Inc., v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York. January 25, 1927.

1. **Internal revenue ⟐25—As regards taxpayer's right to deduct judgment from return, books setting up "accounts receivable," "accounts payable," and inventories held kept on "accrual basis"; "cash basis" (Revenue Act 1918).**

Where taxpayer's books showed sales by "accounts receivable" and purchases by "accounts payable," and set up inventories at beginning and end of year, books were kept on an "accrual basis," as regards right of taxpayer to deduct judgment rendered in 1919 and affirmed on appeal in 1921 from return of 1919, and not on a "cash basis" within Revenue Act 1918 (40 Stat. 1057), in view of Regulations promulgated by Collector of Internal Revenue, No. 45, art. 23, and erroneous statement in tax return that return was made on basis of actual receipts and disbursements was merely informative and did not change facts.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Cash Basis.]

2. **Internal revenue ⟐7(17)—Judgment recovered in 1919, paid on affirmance in 1921, held not deductible for income tax purposes in 1919, notwithstanding books were kept on accrual basis (Revenue Act 1918, §§ 200, 212 [b], 232, 234, subd. [a] [4], being Comp. St. §§ 6336⅛a, 6336⅛f, 6336⅛oo, 6336⅛pp).**

Under Revenue Act 1918, §§ 200, 212(b), 232, 234, subd. (a) (4), being Comp. St. §§ 6336⅛a, 6336⅛f, 6336⅛oo, 6336⅛pp, judgment recovered against taxpayer in 1919, affirmed on appeal, and paid in 1921, whether deductible for income tax purposes in year when services for which judgment was recovered or when judgment was affirmed, was not deductible in 1919, notwithstanding taxpayer kept its books on accrual basis, and in 1919 set up reserve for judgment on its books and made equal debit to profit and loss account.

3. **Internal revenue ⟐38(12)—Burden is on taxpayer suing for refund to prove that deduction was valid and that tax was invalid (Revenue Act 1918, § 234, subd. [a] [4], being Comp. St. § 6336⅛pp).**

Burden is on taxpayer suing for refund of additional income tax paid under protest under claim of right to deduction, as loss sustained during the taxable year within Revenue Act 1918, § 234, subd. (a) (4), being Comp. St. § 6336⅛pp, to prove that deduction was valid and that tax collected was invalid.

At Law. Action by the Consolidated Tea Company, Inc., against Frank K. Bowers, as Collector of Internal Revenue for the Second District of New York. On motions made at close of evidence by plaintiff, and defendant, respectively, for direction of a verdict in their favor. Verdict directed for defendant.

Benjamin Mahler, of New York City, for plaintiff.

Emory R. Buckner, U. S. Atty., and Charles L. Sylvester, Asst. U. S. Atty., both of New York City, for defendant.

GODDARD, District Judge. The plaintiff, the Consolidated Tea Company, Inc., has brought this action to recover the sum of $1,572.21, with interest, alleged to have been wrongfully collected by Frank K. Bowers, Collector of Internal Revenue, as taxes for the year 1919 and paid under protest by plaintiff. The case came on for trial before the court and a jury of one, and now, at the conclusion of the evidence, plaintiff and defendant, respectively, move for a direction of a verdict in their favor.

[1] The facts, in so far as they are material, are as follows: On December 15, 1919, a suit which previously had been brought against the Consolidated Tea Company, Inc., to recover for commissions, was tried in the New York Supreme Court, and a judgment of $10,012.57 entered against it. The tea company appealed from this judgment, filing the usual bond on appeal. In January, 1921, the judgment was affirmed by the Appellate Court, and the plaintiff paid the judgment with interest and costs. The plaintiff, on December 31, 1919, set up on its books a reserve for a judgment of $10,002 and a like debit to profit and loss account. When rendering its federal income tax return for the year 1919 the Consolidated Tea Company, Inc., claimed as a deduction the amount of the judgment of $10,012.57 which had been entered against it during that year. The Collector of Internal Revenue disallowed this item as a deduction in 1919, but allowed it as a deduction for the year 1921. Inasmuch as the tax rate for 1921 was less than that of 1919, plaintiff, the tea company, was compelled to pay an additional amount of $1,572.21, which it seeks to get back with interest. Plaintiff contends that it kept its books on accrual basis, rendered its tax return accordingly, and was entitled to deduct the amount of the judgment in 1919. The Collector of Internal Revenue urges that the tea company kept its books and rendered its return on a cash basis, and bases its contention chiefly on the ground that question 17 of the return is as follows: "Is this return made on the basis of actual receipts and disbursements?" which was answered, "Yes," and which question is followed by, "If not, describe

fully what other basis or method was used in computing that income." To this question or instruction plaintiff made no reply. But, with the exception of two minor items amounting to approximately $20 each for interest and insurance, it appears that the books were kept and the return rendered on an accrual basis, for its sales were set up by "accounts receivable" and its purchases by "accounts payable." The answers at the end of the return are merely informatory; · they do not change the facts. At the most, they might be regarded as an intention by the one who prepared the report to have it on a cash basis. However, after hearing the witness and examining the books and returns, it is evident that such answers were made in error, and I regard it as a clearly demonstrated fact that the plaintiff's books and income return were on an accrual basis. Moreover, it set up inventories both at the beginning and at the end of the year. And, pursuant to due authority, the Collector of Internal Revenue has promulgated Regulations No. 45 relating to the 1918 Revenue Act. Under the heading "Bases of Computation," article 23 provided that—

"In any case in which it is necessary to use an inventory, no accounting in regard to purchases and sales will correctly reflect income except an accrual method."

[2] The question in this case is whether the judgment rendered against the tea company in 1919, appealed and paid on affirmance in 1921, is deductible in 1919 where the tea company has kept its books and filed its return on an accrual basis. The pertinent sections of the Revenue Act of 1918 (40 Stat. 1057) are:

"Sec. 232. That in the case of a corporation subject to the tax imposed by section 230 the term 'net income' means the gross income as defined in section 233 less the deductions allowed by section 234, and the net income shall be computed on the same basis as is provided in subdivision (b) of section 212 or in section 226."

"Sec. 212. * * * (b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such man-

ner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year."

"Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

* * * * * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise."

"Sec. 200. * * * "The term, 'paid' for the purposes of the deductions and credits under this title, means 'paid or accrued' or 'paid or incurred,' and the terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under section 212." Comp. St. §§ 6336⅛a, 6336⅛f, 6336⅛oo, 6336⅛pp.

In the case of Malleable Iron Range Co. v. United States, No. D510, decided June 14, 1926, by the Court of Claims of the United States and in the appeal of Lane Construction Co., B. T. A. Decision No. 1705, 11 C. C. H. (1926) 3206, where similar questions were involved, it was held by the Court of Claims and Board of Tax Appeals, respectively, that a judgment which is appealed is a proper reduction for the year in which it is affirmed and paid. In Becker Bros. v. United States, 7 F.(2d) 3, the Circuit Court of Appeals held that a judgment which had been rendered in 1914, affirmed and paid in 1916, should have been deducted from 1914 income, but Judge Rogers, writing for the court, apparently bases the decision upon the ground that "a deposit sufficiently large to pay the judgment had been deposited in escrow with a trust company in 1914 to await the result of the appeal; * * * that the defendant * * * had in 1914 set aside that sum and parted with its control of that amount to pay the judgment rendered against it in that year."

In the case at bar the Consolidated Tea Company, Inc., did not part with the control of the money in 1919; it had the use of it until 1921, when the judgment was affirmed and paid.

[3] Since the suit is to recover a refund, the burden is upon the plaintiff to prove that

the deduction it sought to make was a valid one and that the tax collected was invalid. United States v. Anderson, etc., 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. To entitle the plaintiff to deduct, it must bring the loss within "losses sustained during the taxable year." Section 234(4). Plaintiff has not shown that this was actually or constructively so.

It seems to me that the time of the mere rendering of a judgment is not the controlling factor in determining when a loss is sustained. It has no particular significance in this case. From all that appears in the record, the services may have been rendered or the damage occurred upon which the judgment was founded prior to 1919—in fact it was conceded upon the argument of the motion to dismiss, that the action against the tea company had been pending for some two years before it was reached for trial in 1919, and further it does not appear that the claim in the action against the tea company was an unliquidated one.

From a tax income standpoint, both logical and practical, reasons seem to me to support the conclusion that a loss should be deductible, not in the year when the judgment was rendered, but in the year when the claim was adjudicated to be final and definite, or possibly, under certain circumstances, in the year when the claim originated.

In its appeal from the judgment, the tea company was denying that the claim against it was valid and that the judgment was anything more than a step toward the final determination of the claim, and that the company itself did not regard the claim as a fixed definite obligation until the judgment was affirmed by the appellate court.

The plaintiff, the Consolidated Tea Company, Inc., sues to recover a portion of the tax it was compelled to pay for the year 1919, and it bases this right to a refund on the ground that the amount of the judgment rendered against it in 1919 was a proper deduction for that year, and, while it is not necessary in deciding this case, and is probably inadvisable with the present record to determine whether the loss in question may have been deductible at the time the services were rendered or the damage occurred upon which the judgment against the tea company was founded, or was deductible when the judgment was affirmed and paid, I think it is clear that it was not deductible in 1919, and accordingly a verdict is directed in favor of the defendant.