**LEDGER CO., Inc., v. UNITED STATES.**

Court of Claims.    February 10, 1930.

No. H-402.

William P. Smith, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge. The issue is whether plaintiff was entitled in computing its net income for 1922 to take a deduction of $15,000 as a loss sustained within the taxable year. It claims that the amount obtained by its president, Edgell, on March 17, 1922, from its account in the Security State Bank, was a loss sustained on that date; that Edgell had embezzled or misappropriated its funds, and the execution by him of his promissory note for the amount, with interest, in December, 1922, did not change the situation. It is insisted that when Edgell had the bank debit plaintiff's account with $15,000 and withdrew the amount therefrom a loss occurred, and the amount so withdrawn was a proper deduction by plaintiff from its gross income.

■ ■ We think the commissioner correctly rejected the claim for refund. Although the directors of the corporation did not authorize the loan, it appears that the action of its president in obtaining the money on its note was ratified and no objection was at that or any other time made on the ground that the directors had not authorized the loan. The corporation interposed no objection to the satisfaction of the note by the application of its funds on deposit with the bank. Since the organization of the plaintiff it had been the practice of Edgell to withdraw corporate funds for his personal use and later to give his note therefor, and, so far as appears, no objection had been interposed to this practice. There was nothing in the by-laws of the corporation that prevented its officers from borrowing from the corporation. It had been the practice of Edgell to do this and to give his note for such amounts as he may have withdrawn in the succeeding year. In this instance he withdrew from the plaintiff's account at the bank the amount of $15,000 in March, 1922, and gave his note to the plaintiff in December of the same year. This note was accepted by plaintiff and entered in its notes receivable account as an asset. It is apparent therefore that plaintiff treated and charged the amount upon its books as a debt from Edgell. Whatever the transaction by Edgell might have been technically before his arrangement with plaintiff to pay the amount which he had withdrawn, it then was considered, and apparently agreed by the plaintiff and Edgell, that it should constitute a debt. Farish & Co. v. Commissioner (C. C. A.) 31 F.(2d) 79. And in order for plaintiff to be entitled to a deduction it was necessary for it to determine the obligation of Edgell to pay to be worthless and to charge the same off as required by the statute. This was not done. The decision of the Board of Tax Appeals in Douglas County Light & Water Co., 14 B. T. A. 1052, that the giving of a note in 1921 to cover an admitted embezzlement six years before did not entitle the taxpayer to a deduction as a bad debt in 1922, is not in point. Here the corporation knew of the withdrawal of its funds by Edgell soon after it occurred and took his note for the amount with interest in the same taxable year, as had been its custom in regard to withdrawals in prior years.

Even if it could be said that plaintiff sustained a loss when its president withdrew its funds from the bank in March, 1922, we think it was compensated for such loss in the taxable year by Edgell's agreement to pay and the execution by him of his note.

The court is of opinion that plaintiff is not entitled to recover. Its petition must therefore be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.