## FIRST NAT. BANK OF SHARON v. HEINER.

### No. 6670.

District Court, W. D. Pennsylvania.
Dec. 22, 1932.

C. E. Brockway and Brockway & Whitla, all of Sharon, Pa., for plaintiff.

Louis E. Graham, U. S. Atty. and John A. McCann, Sp. Asst. to the U. S. Atty., both of Pittsburgh, Pa., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

GIBSON, District Judge.

The Commissioner of Internal Revenue assessed against the plaintiff an additional tax of $2,760 upon examination of the latter's return of its income for the year 1928. This amount was paid under protest by plaintiff, which, by the instant suit, seeks to recover it. The defendant has filed a statutory demurrer to plaintiff's claim.

The facts set forth in the statement of claim are substantially as follows: During the years 1922 to 1928, inclusive, an employee of the plaintiff bank embezzled $95,360 of the funds of the bank. On September 15, 1928, of this amount $42,650 was embezzled, and of this last amount $41,810 was recovered by the bank, leaving the total amount embezzled without direct recovery, $53,540. Of this amount the bank recovered $33,540 from a surety company

which had given bond to cover the defaulter and others. The unrecovered balance of the total embezzlement, $20,000, was not recovered from the surety company, as that amount had been taken prior to the binding date of the bond. Immediately upon the determination of the shortage, the sum of $53,540 was charged against the defaulting employee on the books of the plaintiff, and, upon recovery of the $33,540 from the surety company, a credit of that amount was entered. Subsequently, in the year 1928, it was found that the defaulter had no property and the balance of the charge against him, $20,000, was charged off by the bank as a bad debt, and was claimed as such in the bank's return of income for the year 1928. The Commissioner held that the $20,000, having been embezzled prior to 1928 by the employee (as is the admitted fact), was a loss under the terms of the controlling statute which could only have been charged off as such in the return for the year in which the embezzlement occurred and could not be claimed as a bad debt in the year 1928, when it was discovered. He thereupon assessed the additional tax which plaintiff seeks to recover. Unfortunately, the period has expired during which an amended return could be filed for the year of the embezzlement, and the court in the instant case is required to determine whether or not the Commissioner of Internal Revenue was correct in his assessment of additional tax for the year 1928.

The statutory provisions relative to the inquiry are as follows:

The Revenue Act of 1928, § 23 (26 US CA § 2023) reads in part as follows:

"In computing net income there shall be allowed as deductions:

" * * * (f) Losses by Corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *

"(j) Bad Debts. Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part."

It is evident from the foregoing provisions of the Revenue Act of 1928 that Congress intended to differentiate between losses and bad debts, although failing to lay down any definite line of demarcation between the two. Almost without exception the courts have held that the word "debts" as referred to in paragraph (j) of section 23 of the Revenue Act of 1928, and in like language in prior statutes, applies only to debts within the ordinary and general meaning of the word, that is, obligations voluntarily created between debtor and creditor; and that the word "losses" was intended to cover sums lost by theft, conflagration, or the like. Assuming the intent of Congress to differentiate between the two terms and applying the foregoing definitions, it is plain that the deduction which plaintiff claims from its 1928 income was a loss and not a bad debt. This conclusion being reached, our decision follows almost automatically. Losses are sustained within the meaning of the taxing act when the events definitely occur which give rise thereto. Lewellyn, Collector, v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; Lucas, Commissioner, v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538; Huff v. Commissioner of Internal Revenue (C. C. A.) 56 F.(2d) 788.

Counsel for the plaintiff have called our attention to several cases which, it is claimed, hold that an embezzlement may be deducted as a bad debt in a year subsequent to the date of the original conversion. Chief of these cases is Farish & Co. v. Commissioner (C. C. A.) 31 F.(2d) 79. In that case an employee of the taxpayer had embezzled certain securities which were in the custody of the taxpayer, but which belonged to other persons. The embezzlement having been discovered in a subsequent year, the taxpayer borrowed money and replaced the stolen securities. Subsequent to the discovery of the theft, the employee agreed to reimburse the taxpayer from property which he expected to receive. Thereupon the amount of the embezzlement was charged against the employee. Upon its being determined later that nothing could be recovered, the amount was charged off as a bad debt. In the opinion in this case the court upheld the deduction because it held it to be a debt which had arisen by reason of the agreement between the employee and the taxpayer. It is admitted in the opinion that, had there been no such agreement, and had the securities embezzled been the property of the taxpayer, the shortage would have been a loss under the statute, and as such deductible only in the return for the year of the embezzlement.

Douglas County Light & Water Co. v. Commissioner (C. C. A.) 43 F.(2d) 904, and Ledger Co. v. United States (Ct. Cl.) 37 F.

(2d) 775, were also cited for the same purpose as was the case last mentioned. In each of those cases the facts were very similar to those in the Farish Case, supra. In each of the cases the embezzler had not been prosecuted, but had given a note in settlement of the claim of the taxpayer against him. Upon this note proving to be worthless, the amount of the note, not the total shortage, was charged off as a bad debt, and the court approved the deduction as such.

In the instant case no such agreement with the defaulter was made by the taxpayer. Its money was definitely lost by it upon the date of the embezzlement. This being so, we are regretfully compelled to order that judgment be entered in favor of the defendant.