### FIRST NAT. BANK OF SHARON, PA., v. HEINER, Collector of Internal Revenue.

No. 5101.

Circuit Court of Appeals, Third Circuit.

Aug. 24, 1933.

Chauncey E. Brockway, of Sharon, Pa., for appellant.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of

Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The underlying question in this income tax case is whether the item here involved was, under the provisions of the Revenue Act of 1928 (26 USCA § 2001 et seq.), a loss. The court below (2 F. Supp. 960, 961) held it was a loss which was not deductible because not "sustained during the taxable year" of 1928. Thereupon the taxpayer took this appeal.

The item in question came into being under the facts stated in the opinion below, viz.: "During the years 1922 to 1928, inclusive, an employee of the plaintiff bank embezzled $95,360 of the funds of the bank. On September 15, 1928, of this amount $42,650 was embezzled, and of this last amount $41,810 was recovered by the bank, leaving the total amount embezzled without direct recovery, $53,540. Of this amount the bank recovered $33,540 from a surety company which had given bond to cover the defaulter and others. The unrecovered balance of the total embezzlement, $20,000, was not recovered from the surety company, as that amount had been taken prior to the binding date of the bond. Immediately upon the determination of the shortage, the sum of $53,540 was charged against the defaulting employee on the books of the plaintiff, and, upon recovery of the $33,540 from the surety company, a credit of that amount was entered. Subsequently, in the year 1928, it was found that the defaulter had no property and the balance of the charge against him, $20,000, was charged off by the bank as a bad debt, and was claimed as such in the bank's return of income for the year 1928. The Commissioner held that the $20,000, having been embezzled prior to 1928 by the employee (as is the admitted fact), was a loss under the terms of the controlling statute which could only have been charged off as such in the return for the year in which the embezzlement occurred and could not be claimed as a bad debt in the year 1928, when it was discovered. He thereupon assessed the additional tax which plaintiff seeks to recover. Unfortunately, the period has expired during which an amended return could be filed for the year of the embezzlement, and the court in the instant case is required to determine whether or not the Com-

missioner of Internal Revenue was correct in his assessment of additional tax for the year 1928."

In providing for deductions from income tax, Congress made a distinction between losses and debts. Recognizing that a loss was a thing of the present, as, for example, theft, fire, or embezzlement and the like, Congress provided a deduction of such item in the current tax year. Recognizing likewise that debt was a thing of the future, namely, a contract obligation to be later fulfilled, Congress provided that a future reduction was to be allowed if and when the obligation proved worthless and was charged off. In common speech, debt was regarded as created by contract between a debtor and a creditor, or, as expressed by Blackstone, a sum of money due by certain and express agreement.

Holding, as we do, that the embezzlement in this case was a loss that did not occur in the year for which the taxpayer's income tax was returned and paid, the judgment below is affirmed.