## COMMISSIONER OF INTERNAL REVENUE v. HIGHWAY TRAILER CO.

### No. 5143.

Circuit Court of Appeals, Seventh Circuit.

July 25, 1934.

Rehearing Denied Oct. 30, 1934.

EVANS, Circuit Judge, dissenting.

———◇———

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., for petitioner.

R. M. Stroud, of Madison, Wis., for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals presents the very troublesome question as to the year in which the taxpayer should be allowed to take a deduction for loss by fire under the statute which provides that deductions shall be allowed for losses sustained during the taxable year and not compensated for by insurance or otherwise. 26 USCA § 986 (a) (4).

Respondent, a Wisconsin corporation engaged in the manufacture of trailer and steel dump bodies, suffered a fire in 1921 which destroyed property to the value of $165,739 not covered by insurance. It claimed that the greater part of the loss resulted from the negligence of the Janesville Electric Company, which was under contract to supply the power needed to operate the water pumps, in cutting off the power just as the fire department was getting the fire under control. In 1921 respondent brought suit against the electric company for the entire amount of the loss not covered by insurance. In the trial court a demurrer to the complaint was sustained, which ruling was, however, reversed by the Wisconsin Supreme Court in 1922. Highway Trailer Co. v. Janesville Electric Co., 178 Wis. 340, 190 N. W. 110, 27 A. L. R. 1268. In the hearing which followed, respondent obtained a judgment for $47,703 damages in 1924. It thereupon wrote off its books the difference between the total uninsured loss and the amount of damages allowed by the court, and claimed the deduction for the difference, $118,036, in its return for the year 1924. The company, however, appealed from the judgment, and in 1925 it was reversed by the Supreme Court of Wisconsin, and the action dismissed. Highway Trailer Co. v. Janesville Electric Co., 187 Wis. 161, 204 N. W. 773. Respondent thereupon claimed a deduction of the $47,703 for the year 1925. The Commissioner disallowed both these deductions, holding that the entire deduction should have been claimed for the year 1921 when the fire occurred. On appeal to the

914

Board of Tax Appeals, the majority of the Board sustained the contention of the respondent, holding that since the amount of the loss actually suffered by the taxpayer did not become fixed until the outcome of the litigation over the loss, it was correct to allow the deduction as of the years in which the loss was finally ascertained.

There have been many cases before the courts involving this question, and it must be admitted that the decisions do not appear always to be consistent.[1] It is difficult, therefore, to deduce a rule from which to decide this case. The Board relied upon a number of cases which allowed the deduction for the later year in which the loss was finally determined. These included the three Supreme Court cases, Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010, Burnet v. Huff, 288 U. S. 156, 53 S. Ct. 330, 332, 77 L. Ed. 670, and Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262. In the Lucas case the taxpayer sought a deduction for 1919 in which year a liability for a breach of contract arose, the amount of which was not settled until judgment was rendered in 1922 which it paid in 1923. The Court held that a loss occasioned by the taxpayer's breach of contract is not deductible in the year of the breach unless where within the tax year there is a definite admission of liability, negotiations for settlement are begun, and a reasonable estimate of the amount of the loss is accrued on the books. In the Huff Case it was likewise held that where one partner had to make good the defalcation of another partner, he was entitled to the deduction only in the year in which he actually paid the money, and not in the year in which he discovered the loss. The Court there said, "If there is liability on his part for the misappropriation, it does not create a certainty of loss, as the defalcation may be made good by the one who caused it, or the liability of the taxpayer may be enforced only to a limited extent or not at all. The requirement that losses be deducted in the year in which they are sustained calls for a practical test. The loss 'must be actual and present.' " In the Lewellyn Case, the Court refused to allow a buyer who had paid in advance for certain goods which in fact were never delivered, to deduct for its loss in the year in which the payment was made where it continued to carry the item on its books in its bills receivable account until the outcome of litigation which indicated that it would not be able to recover from the seller or a guarantor, whereupon it sought to amend its return for the year in which the prepayment was made and sued to recover an alleged overpayment of its tax for that year.

It seems to us that none of the above cases is as nearly in point as another Supreme Court case which was not considered by the Board, and which we think controls the decision in this case. We refer to the case of United States v. S. S. White Dental Manufacturing Co., 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120. There the taxpayer sued to recover for overpayment of a tax for the year 1918 claiming a deduction in the amount of its investment in a subsidiary German corporation the entire property of which, valued at $130,000, was seized by the German government in that year as enemy property. The property was returned in 1920, and sold in 1922 for $6,000, which amount was returned as income by the taxpayer in that year. Subsequently a claim for $70,000 was allowed by the Mixed Claims Commission, no part of which had been paid. The taxpayer had charged off its entire investment in 1918 and claimed its deduction for that year, paying its tax under protest when the Commissioner disallowed the deduction. The Court held that the loss was so evidenced by a closed transaction as to authorize its deduction from gross income for the year in which it occurred, saying,

" * * * The statute obviously does not contemplate * * * the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. * * * But with equal certainty they do contemplate the deduction from gross income of

[1] See Douglas County Light and Water Co. v. Commissioner (C. C. A.) 43 F.(2d) 904; Central Trust Co. v. Burnet, 60 App. D. C. 4, 45 F.(2d) 922; Darling v. Commissioner (C. C. A.) 49 F.(2d) 111; Ferguson v. Commissioner (C. C. A.) 59 F.(2d) 893; First National Bank of Sharon, Pennsylvania v. Heiner (C. C. A.) 66 F.(2d) 925; Ledger Co. v. United States (Ct. Cl.) 37 F.(2d) 775; Dresser v. United States (Ct. Cl.) 55 F.(2d) 499; Consolidated Tea Co. v. Bowers (D. C.) 19 F.(2d) 382; Pike County Coal Corporation v. Commissioner, 4 B. T. A. 625; Allied Furriers Corporation v. Commissioner, 24 B. T. A. 457; Martin Veneer Co. v. Commissioner, 5 B. T. A. 207; Peterson Linotyping Co. v. Commissioner, 10 B. T. A. 542; Edward H. R. Green v. Commissioner, 19 B. T. A. 904; Lane Construction Corporation v. Commissioner, 17 B. T. A. 826.

losses, which are fixed by identifiable events, such as the sale of property ʸ ˣ ˣ or caused by its destruction or physical injury. ʸ ˣ ˣ

"We need not attempt to say what constitutes a closed transaction evidencing loss in other situations. It is enough to justify the deduction here that the transaction causing the loss was completed when the seizure was made. It was none the less a deductible loss then, although later the German government bound itself to repay and an award was made by the Mixed Claims Commission which may result in a recovery."

■■■ It seems to us that the three cases relied upon by the Board, all of which were decided after the White Dental Case, do not overrule it, but merely represent quite different states of fact. Where, as in the case at bar, an actual physical loss occurs, resulting in a certain definite, fixed amount of damage, it seems better practice to allow the deduction for that entire amount of damage (not covered by insurance) in the year in which the loss actually occurs, according to the rule in the White Dental Case, rather than to defer it until subsequent events indicate whether or not a recovery is to be had from other parties for a part of the loss. We think that this does not conflict with the rule of the Huff Case, supra, that "the loss 'must be actual and present,' " because the loss is actual and present as soon as the physical damage occurs, as distinct from the situation where the loss claimed arises from a liability which may or may not ever materialize.

The decision is reversed, and the cause remanded to the Board of Tax Appeals for further proceedings in harmony with this opinion.

EVANS, Circuit Judge (dissenting).

A loss "which is not compensated for by insurance or otherwise" (section 234 (a) (4), Revenue Act 1921, 42 Stat. 255) is ordinarily not allowed until its realization. In Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 203, 74 L. Ed. 538, 67 A. L. R. 1010, the court said: "Generally speaking, the income tax law is concerned only with *realized* losses, as with *realized* gains." Realization is usually evidenced by closed or completed transactions. United States v. S. S. White Dental Manufacturing Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120. Article 141, Treasury Regulations 62, dealing with losses says: "They (losses) must usually be evidenced by closed and completed transactions."

Applying these rules to the facts of this case, it seems to the writer that part of the loss occurred in the year in which the Wisconsin trial court awarded judgment in taxpayer's favor for damages for only a part of what it claimed. The balance occurred the next year when the Wisconsin court reversed this judgment. It was in these years that the losses were *realized*. Then, and not until then, were they "evidenced by closed and completed transactions." It seems to me the Board of Tax Appeals correctly held that the losses occurred, not when the fire took place, but when the jury's verdict and the Supreme Court's decision closed the issues of amount and liability.