## ALISON v. UNITED STATES.

### Civ. No. 3974.

United States District Court
W. D. Pennsylvania.

May 17, 1951.

Karl E. Weise, of Hirsch & Weise and Paul Kern Kirsch, Pittsburgh, Pa., for plaintiff.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, F. A. Michels, Special Assts. to the Atty. Gen., for defendant.

MARSH, District Judge.

This case came on for trial before the court without a jury, upon the pleadings and the written stipulation of the facts. Briefs have been filed and considered, and the court makes the following

### Findings of Fact.

1. The plaintiff brings this action against the United States pursuant to the provisions of Section 24 of the Judicial Code, as amended, U.S.C.A., Title 28, Section 41(20), now 28 U.S.C.A. § 1346(a)(1), the action arising under the Internal Revenue Laws of the United States.

2. On or about March 11, 1942, the plaintiff filed her income tax return for the calendar year 1941 wherein she reported a tax of $2,711.78, which was subsequently increased to $2,843.78. The amount of $2,843.78 was paid, $2,711.78 on March 11, 1942, and $132 on November 19, 1942.

3. On March 30, 1943, the plaintiff filed a claim for the refund of the amount of $2,843.78, plus interest, which is based upon a claimed deduction of $21,804.90.

4. On May 2, 1944, the Commissioner of Internal Revenue disallowed the claim.

5. One, J. W. Cree, prior to his death on November 24, 1941, was the manager of several trust estates and also a business agent and adviser for a large number of persons. Among his clients was the plaintiff in this case whose maiden name was Martha Liggett. When the plaintiff was a minor Mr. Cree was her guardian and after she became of age, Mr. Cree continued as her business agent and adviser. The plaintiff's chief source of income was from real estate and securities and Mr. Cree had complete control and possession of the funds and property of the plaintiff. There was no written agreement between the plaintiff and Mr. Cree respecting the funds and securities and no accounting was ever requested or given by Mr. Cree. The account of the plaintiff, as well as other trust accounts, was carried in a separate set of books called the "J. W. Cree, Jr., Trust Account," the funds of which were commingled with his own personal funds. The securities were likewise carried in the name of J. W. Cree, Jr.

6. In 1941, shortly after the death of Mr. Cree, plaintiff discovered that he had

embezzled from her the sum of $30,155.37. Certain sums were recovered by the plaintiff which left the net loss to her in the amount of $21,804.90, which she claimed as the deduction from her gross income as set forth in paragraph 3 above.

7. The net loss was established on November 18, 1942.

8. "The Net Amount Embezzled" for each year from 1931 to 1940, both inclusive, was determined from Cree's books.

9. No money was taken by Cree during the year 1941.

10. Plaintiff had no reason to suspect that any of her funds were being embezzled by Cree and had no knowledge of such embezzlement until after his death on November 24, 1941.

11. Throughout the period above mentioned, Cree was a director in several banks and prominent in real estate and business circles in the City of Pittsburgh. He enjoyed substantial credit and had a reputation of meeting all his obligations as they accrued.

From the foregoing Findings of Fact the court arrives at the following

### Conclusions of Law.

1. The plaintiff is not entitled to a deduction of any part of the loss of $21,804.90 in the taxable year 1941.

2. The defendant is entitled to judgment.

### Discussion.

The applicable provision of the Internal Revenue Code is Section 23(e), 26 U.S.C.A.,[1] which provides: "In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or

"(3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft."

In Boston Consol. Gas Co. v. Commissioner of Internal Revenue, 1 Cir., 1942, 128 F.2d 473 it was held that a loss sustained by the taxpayer through embezzlements in years prior to 1935 but not discovered until that year could be deducted as a 1935 loss. The court gave considerable weight to the oppressive and unjust results to the taxpayer who was unable to establish the specific amounts embezzled in any particular year prior to the taxable year. In First Nat. Bank of Sharon, Pa. v. Heiner, 3 Cir., 1933, 66 F.2d 925, the Court of Appeals for the Third Circuit held that a loss sustained by the taxpayer through embezzlement prior to 1928 but not discovered until that year could not be deducted as a 1928 loss. The court refused to permit the taxpayer to convert a series of embezzlements in prior years into a bad debt, deductible in the taxable year. Factually these cases resemble the instant case except that here the embezzler was a trustee instead of an employee and the net amount embezzled in each year prior to 1941 was determined from the embezzler's books after his death.

If this were a case of first impression in this Circuit I would follow the conclusion reached in the Boston Consol. Gas Co. case, particularly for the reasons stated in Judge Magruder's concurring opinion.[2] Also, because I perceive a connotation in the use of the word "sustained" in Section 23(e) that losses by embezzlement are *suffered* during the year of bona fide discovery although the property was covertly taken during previous years. It could then be concluded that Mrs. Alison did not sustain a loss until such time as she attempted, without success, to secure a return of her property.[3] However,

1. Act of May 28, 1938, c. 289, § 23, 52 Stat. 460.

2. This concurring opinion was mentioned in a footnote to Commissioner v. Wilcox, 327 U.S. 404, 406, 66 S.Ct. 546, 90 L. Ed. 752, which case establishes that embezzled funds do not constitute taxable income to the embezzler.

3. See Gwinn Bros. & Co. v. Commissioner, 7 T.C. 320.

since I cannot detect any fundamental distinction between the instant case and the Sharon case I am bound by the legal principles therein expressed. Judgment will be entered for defendant.